## Case No. 9,630.
### MINER v. McLEAN.
[4 McLean, 138;[1] 3 West. Law J. 4.]

Circuit Court, D. Ohio. July Term, 1846.

TAXATION — TAX TITLE — REQUISITES COMPLIED WITH—EVIDENCE—RETURN—PAROL—VARIANCE.

1. To constitute a legal and valid title to land sold for taxes, the claimant must show that all the substantial requisitions of the law have been complied with.

2. The county treasurer and collector must return under oath the delinquent lands to the county auditor, or there can be no forfeiture of such lands for non-payment of taxes.
[Cited in Raymond v. Longworth, Case No. 11,595.]

3. The county auditor is required to make a record of such return, which record can not be altered by parol evidence.
[Cited in Martin v. Barbour, 34 Fed. 706.]
[Cited in Evans v. Newell (R. I.) 25 Atl. 348.]

4. Nor is a transcript from the auditor, essentially differing from the record, admissible as evidence.

At law.

Mr. Stanbery, for plaintiff.
Mr. Swayne, for defendant.

OPINION OF THE COURT. This ejectment is brought to recover lot 240 in Columbus, which is claimed by the plaintiff under a tax title. Several transcripts from the county auditor, and auditor of state, were given in evidence, showing the tax charged on the above lot for the years 1841 and 1842;

the returns of the same as delinquent, and afterward as forfeited to the state, with the penalty and interest charged, and also the sale of the lot by the state, and the deed given to the purchaser. A deed from the purchaser to the lessor of the plaintiff was also in evidence. The defendant, as assignee of Nehemiah Gregory, the late owner of the lot, a bankrupt, raised several objections to the title, some of which will be now considered. And first, it is objected that the delinquent list of 1841 was not signed and sworn to by the county treasurer, as required by the statute. By the act of 23d March, 1840, the county auditor is required, between the first Monday in June and the 15th day of August, in each year, to make out a duplicate of the taxes assessed in his county, in the manner therein prescribed. This duplicate he is required to deliver to the county treasurer, who is collector of the tax. The 27th section of the same act requires the auditor to "take from the duplicate, after the period for collection has elapsed, previously put into the hands of the treasurer for collection, a list of all such taxes as such treasurer shall have been unable to collect, therein describing the property on which such delinquent taxes are charged, as the same are described in such duplicate, and shall note thereon, in a marginal column, the several reasons assigned by such treasurer why such taxes could not be collected; and such list shall be signed by the. treasurer, who shall testify to the correctness thereof, under oath or affirmation, to be administered by the auditor." The original record, kept by the county auditor, being produced in evidence, shows neither the signing, it is alleged, nor the oath which is required. In the record there is a "return of taxes delinquent for the county of Franklin, for the year 1841," including taxes on both real and personal property. Then follows a statement of a settlement between the county auditor and treasurer, required by the above section, to which is affixed the following: "I, William Long, treasurer and collector of taxes for Franklin county, do solemnly swear that the foregoing list of delinquencies, to the best of my knowledge and belief, are truly stated, and that the reasons for returning such taxes delinquent, as stated therein, do, as I verily believe, truly exist." Signed, "William Long, Treasurer and Collector for Franklin County." This is, clearly, neither an oath nor an affirmation, as required by the statue. It is merely the certificate of the treasurer and collector, no oath having, in fact, been administered, as appears from the record. The formal words, "I do solemnly swear," introduced into the certificate, are without effect. The signature, I think, may be considered as a signing within the statute. The objection that the settlement intervenes between the signature and the "list of delinquencies," seems to have but little force. A transcript from the county auditor of the above duplicate, contains the oath of the treasurer of the county, as required by the statute. But, in this respect, the transcript can not be received as evidence, as it differs from the record. The county auditor is required to make a record of the return of the delinquent lands, by the treasurer and collector of the county; and this record, or a certified copy of it, only, is evidence. Parol evidence is not admissible, to supply a defect in the record. This well-established rule can admit of no relaxation.

Was the oath of the county treasurer and collector, to the return of delinquent lands, essential to the validity of the tax title? In Harmon v. Stockwell, 9 Ohio, 93, the court say: "The statute (2 Chase, 1106, § 30) requires in terms, that the list of delinquent lands returned to the county auditor during the years 1821, 1822, and 1823, shall be attested by such collector on oath." The oath in that case, not having been administered by proper authority, the court held "that the return of the collector was not under the securities and sanctions which the law required, and that the omission was fatal to a title held under such strict principles as a tax sale;" and in Thompson v. Gotham, 9 Ohio, 175, the court said: "In order to sustain a title under a sale for taxes, it is not sufficient to produce the collector's deed; there must be evidence to show that the tax has been levied, that the steps required by law to authorize a sale, have been taken, and that the person making the deed had power to make it."

In the case of Winder v. Sterling, 7 Ohio, 192, the collector returned the delinquent list in the same manner as the collector in the case under consideration; and that return was sustained by the court, on the ground that the legislature had prescribed the form which had been literally followed up by the collector. That form was prescribed by the act of 1825, which was repealed long before the return now in question was made. I should be inclined to think, however, if the act of 1825 were still in force, that an oath was necessary. The form of the oath was given in that act; and because the name of the officer who was to administer the oath was not stated in the form, the court ruled that no oath was necessary—in other words, that the form, and not the substance, was all that the legislature required. The act requiring the oath or affirmation of the treasurer and collector, now in force, is substantially the same as the act under which the decision above cited, of Harmon v. Stockwell, was made. Of course, that decision must rule the present case.

Whether a greater degree of strictness of procedure is required before the forfeiture of lands than afterward, need not be decided in this case. Until the land forfeited by the state shall be sold, the owner has a right to redeem it; the right, therefore, vested in the state, is not absolute.

Several other grounds were assumed in the defense; but, as the above point is decisive as to this suit, it is not necessary now to decide the other objections to the title.

As to the objection that the duplicates, made out at the auditor of state's office for the county auditor, do not appear to have been certified, I doubt whether it is sustainable. Whenever an officer is specially required to certify, his certificate is essential to the validity of the document. But, in cases where he is not so required, his certificate may not be necessary. Where the signature of the auditor of state is necessary, I doubt whether it can be affixed by a deputy. In the absence of the auditor, the chief clerk is expressly authorized to act, by the statute; but this provision is limited to the person who holds the office of chief clerk.

Judgment of not guilty.