MOORE v. COOKE ET AL.

SAME v. SAME.

SAME v. SAME.

Tax Sale: LEVY CANNOT BE PROVED BY PAROL. A levy of taxes, when none appeared of record, cannot be proved by parol; a party claiming under a sale for the taxes of that year must show that a record once existed, which has been lost or destroyed. Otherwise the sale is void.

*Appeal from Humboldt District Court.*

FRIDAY, MARCH 19.

THESE cases involve the same question and are submitted together. The plaintiff alleges that he is the owner of certain lands in Humboldt county, which the treasurer of said county sold in 1862, some of them for the delinquent taxes of 1860, and some of them for those of 1859 and 1860. The actions are brought for the purpose of setting aside the tax deeds, the petitions alleging, as the only ground which it is

necessary that we should state, that no taxes were levied or assessed, for either of these years, by the proper officers.

The answers are general denials of the allegations of the petitions. Upon the trial the defendants in each case admitted, as shown by the record, that plaintiff has fee simple title to all the lands in controversy, unless divested by the tax sales to Pitt Cooke in April, 1862, and deeds in pursuance thereof, and that the sales so made were for taxes of 1860, only.

The court found that there was no levy of taxes for the year 1860, and that the sale was illegal and void. The defendants appeal.

*Griffith & Knight* and *De Witt C. Cram*, for appellants.

*Charles A. Clark*, for appellee.

DAY, J.—The evidence very satisfactorily shows that no record of a levy of taxes for the year 1860, in said county, ever existed. The defendant introduced John E. Cragg, the acting county judge in 1860, who against plaintiff's objection testified as follows: "To the best of my recollection there was a levy made by the county treasurer and myself, the county surveyor not appearing. I have some recollection of a discussion between myself and the treasurer, in regard to expediency of levying a bridge tax." This comprises all the testimony of a levy which was introduced. We consider it incompetent to establish the fact. The law in force at the time the levy in question should have been made provides: "The Board of Equalization shall levy the requisite taxes for the current year, in accordance with law, and shall record the same in the proper book." Laws of Seventh General Assembly, Chapter 152, Section 38. It has frequently been held that, where a record is required to be made of any fact essential to the validity of a tax, parol evidence of the existence of that fact cannot be substituted. See *Lamb's Heirs v. Gillett*, 6 McLean, 365 (378-9); *Kellogg v. McLaughlin*, 8 Ohio, 114 (116); *Den v. Craig*, 5 Iredell, 129; *McCall v. Larimer*, 4 Watts, 351; *Proprietors of Cardigan v. Paige*, 6 N. H, 182; *Coit v. Wills*, 2 Vermont, 318; *Line of Miner v. McLean*,

4 McLean, 138. The levy is a very essential step in the imposition of a tax. In *McCready v. Sexton & Son,* 29 Iowa, 356, (389), it is likened to a judgment *in rem.* It would be a dangerous principle to adopt, that proof of such fact may rest in parol, notwithstanding the fact that the statute positively directs that the memory of it shall be preserved by a record in the proper book.

It is clear to us that, when the records of the county were introduced, and were found not to contain any record of a levy of taxes for the year 1860, the presumption of levy which the execution and recording of the deed creates, was overcome, and the burden of proving a levy in fact was thrown upon the party claiming under the deed, which he could do only by showing that a record once existed, which has been lost or destroyed.

The court rightly held, under the evidence submitted, that there was no levy for 1860, and that the sale was void.

AFFIRMED.