## PROUTY v. TALLMAN ET AL.

1. **Tax Deed**: LEVY OF TAXES TO SUPPORT: EVIDENCE OF. The provision of section 38, chapter 152, Laws of 1858, that the levy of taxes, when made, should be recorded "in the proper book," was directory only; and where no such entry was made in the proper book, but a sufficiently full record of the levy, signed by the officers whose duty it was to make the same, was found among the old papers in the auditor's office, such papers were competent evidence of the levy, in support of a tax deed based upon a sale for the taxes so levied. *Higgins v. Reed*, 8 Iowa, 298, followed.

2. **Former Adjudication**: AGAINST GRANTOR: GRANTEE NOT BOUND BY. An adjudication against a grantor of land to the effect that he has no title, in an action begun after he has deeded to another, does not bind those holding under such deed.

*Appeal from Humboldt District Court.*

WEDNESDAY, DECEMBER 10.

ACTION in equity to quiet the title to real estate. Decree for the plaintiff, and defendants appeal.

*H. Boies* and *J. L. Husted*, for appellants.

*A. E. Clark*, for appellee.

SEEVERS, J.—I.   Both parties claim to own the real estate in controversy.   The plaintiff's title is based on a sale for the delinquent taxes of 1860, and a treasurer's deed made in pursuance of the sale.   The defendants are owners of the patent title.   The defendants

1. TAX deed: levy of taxes to support: evidence of.

claim that the tax deed is void because there was no levy of taxes for the year 1860, and rely on a former adjudication. It was held in *McCready v. Sexton*, 29 Iowa, 356, that a levy of taxes is essential to the validity of a tax sale, and that the deed is only presumptive evidence of the levy. In *Moore v. Cooke*, 40 Iowa, 290, it was held that a valid levy cannot be established by parol, and that, if no record of a levy can be found in the proper office, the presumption that there was a levy, arising from the deed, is overcome. To the same effect is *Early v. Whittingham*, 43 Iowa, 162.

The statute in force under which the levy was made is chapter 152 of the Acts of (1858) the Seventh General Assembly, and section 38 of said chapter provides that "the board of equalization shall levy the requisite taxes for the current year in accordance with law, and shall record the same in the proper book." The record-book containing the proceedings of the board of equalization for the years 1859 and 1861, and the record of the board of supervisors for subsequent years, show that taxes were duly levied for said years; but the record-book of the board of equalization fails to show a levy of taxes for the year 1860. Is it essential that the levy be entered or recorded in a book kept for that purpose, or is the statute in this respect directory? In *Higgins v. Reed*, 8 Iowa, 298, the question was whether it is essential to the validity of a school tax levied or voted by a school-district that the proceedings should be recorded in a book; and it was held that the statute was directory only, and in that case the only record evidence of the levy was "kept on half sheets and quarter sheets of paper not bound in book form," and the tax was held to be valid. The same rule must prevail in this case, and therefore the statute must be regarded as directory, and that it is not essential to the validity of the tax in question that it was entered or recorded in the book kept for that purpose.

II. The plaintiff introduced in evidence the tax deed, and the following papers, writings or records:

" *State of Iowa, Humboldt County*:

" According to. the requirements of the revenue law, John E. Cragg, acting county judge, Charles Bergk, treasurer, and Nathaniel S. Ames, county surveyor, met as board of equalization, at the county seat of said county, for the purpose of fixing the rate of taxes for the year 1860, viz.: County tax, four (4) mills; school tax, one (1) mill; bridge tax, for paying interest on county bonds issued by the county, two (2) mills.

" In testimony whereof, we have hereunto set our hands and seals this twenty-fourth day of September, A. D. 1860.

　　　　　　　" N. S. AMES, County Surveyor,

　　　　　　　" CHARLES BERGK, Treasurer,

　　　　　　　" JOHN E. CRAGG, Acting County Judge."

The foregoing writing is on an " ordinary sheet of legal-cap paper," and it was found nearly a year prior to the trial, in the auditor's office, " among old papers on file in that office." The plaintiff also introduced in evidence the following writing:

" The undersigned, board of equalization of assessments for Humboldt county, met this second day of April. Present: John E. Cragg, acting county judge, and Charles Bergk, county treasurer.

" After duly examining the returns of the assessors of the different townships, we would report that we find the several assessments to be fair and equal, and would recommend no change necessary.

" Witness our hands this second day of April, A. D., 1860.

　　　　　　　" JOHN E. CRAGG, Acting County Judge.

　　　　　　　" CHARLES BERGK, County Treasurer."

This writing is on an " ordinary sheet of legal-cap paper," and it was found among the papers in the auditor's office. The plaintiff introduced evidence showing that the signatures of Cragg, Bergk and Ames, appearing on the foregoing papers, were their genuine signatures. The plaintiff further

introduced in evidence the tax-list for 1860, and contends that the evidence aforesaid is sufficient record or written evidence that there was a levy of taxes for the year 1860, and that the presumption arising from the execution of the deed is so strengthened thereby as to overcome the presumption that there was no levy, because none appears in the record-book of the board of equalization. The board, at that time, was composed of the officers whose names are signed to the foregoing papers. Section 31, chapter 152, Acts 1858. The foregoing writings, on their face, purport to have been executed more than twenty years preceding the trial in the court below, and were found in the proper office, and in the custody of the proper officer. The signatures thereto of the officers charged with the duty of levying taxes are genuine, and the writings sufficiently show that they performed that duty. Having been found in the auditor's office, among old papers on file, they must be regarded as records or papers of such office, and we do not understand counsel to claim otherwise; but their contention is that they are not sufficient record evidence of a levy of taxes, which they insist can only be shown by the introduction of the book in which the proceedings of the board of equalization are recorded. But, as we have seen, the statute in this respect is directory; and we are unable to distinguish this case from *Higgins v. Reed*, before cited. The evidence in this case is much more satisfactory that there was a levy which was reduced to writing, and which is a record belonging to the proper office, than the evidence in that case, which was held to be sufficient to show a levy of taxes. We therefore follow it. The levy was undoubtedly made, but not entered in the proper book. This case is clearly distinguishable from *Hintrager v. Kiene*, 62 Iowa, 605. It is proper to say that the validity of this same tax was involved in *Moore v. Cook*, before cited. In that case, however, there was no record or written evidence of the levy.

III. The adjudication relied on is that in *Moore v. Cooke*. The plaintiff was not a party to that action, but one under

Prouty v. Tallman et al.

**2. FORMER adjudication: against grantor: grantee not bound by.** whom he claims was. The county treasurer conveyed the land in controversy to Pitt Cook in 1865, but it will be conceded that said conveyance was void on its face, because it showed that the sale of the land was in bulk, and for a gross sum of several parcels of land which were not contiguous. Cook conveyed to D. R. Jackman in 1865. Afterwards, in 1867, the treasurer made another conveyance of the land to Cook. The sufficiency of this deed to vest the title in Cook is in no manner assailed, except that it is claimed that there was no levy of taxes to support the sale and deed. Conceding that Cook had no title when he conveyed to Jackman in 1865, assuming that he got a title for the first time in 1867, such title inured to and became vested in Jackman. Code, § 1931. Jackman conveyed to Emily W. McGraw in 1869, and her heirs conveyed to the plaintiff in 1879. Jackman was a defendant in *Moore v. Cook*, but the decree was not entered in that case until 1873, and it is not claimed that the action was commenced while Jackman had the title to the lands. Mrs. McGraw's deed was recorded in April, 1869, but the recorder entered it in the index-book as Emily W. McFraw. This, however, does not make any difference. Neither Cook nor Jackman owned the land when the action in which the decree pleaded as an adjudication was commenced, and they were the only defendants. It seems to us to be too clear for controversy that neither the plaintiff nor Mrs. McGraw is bound by such adjudication.

IV. We do not understand counsel for the appellants to insist in argument that this action is barred by the statute of limitations. What they do claim is that appellant's right to insist that the tax-deed is void is not barred by the statute.

AFFIRMED.