THE NASHUA TRUST COMPANY, Trustee, v. THE W. S. EDWARDS MANUFACTURING COMPANY, Appellant, *et al.*

**Mechanic's Lien:** RECORDING ACTS: *Purchaser for value.* Acquiring a mechanic's lien on property is not a purchase of it. Code, section 3317, makes an unrecorded assignment good against all persons except *purchasers* for value, without notice. Therefore, an unrecorded assignment of a bond and mortgage on real estate is effective against one who acquires a mechanic's lien upon property after such assignment is made.

**Adjudication.** A decree establishing and foreclosing a mechanic's lien, is not binding upon the assignee of a mortgage, which mortgage is prior to said lien, where the assignment was not recorded when the action was begun nor the assignee made a party, though the assignor was made a party, and though the assignee, before the passing of decree, began an action to foreclose his mortgage in which he made said mechanic's lien-holder a defendant.

*Appeal from Pottawattamie District Court.—*HON. WALTER I. SMITH, Judge.

TUESDAY, OCTOBER 13, 1896.

THIS action in equity was commenced May 2, 1892, to recover judgment on one coupon bond, and for a decree foreclosing a mortgage executed to secure the payment of the same. The defendant, the W. S. Edwards Manufacturing Company, answered, setting up a certain decree rendered in its favor in another action. The case was submitted as between these parties, and a decree rendered in favor of the plaintiff, from which the defendant, the W. S. Edwards Manufacturing Company, appeals.—*Affirmed.*

*Ross & Ross* for appellant.

*Smith McPherson, Thos. Hysham,* and *Stone & Dawson* for appellee.

GIVEN, J.—I.   There is no dispute as to the facts out of which this contention grows, and they are as follows:   On June 11, 1890, the defendants, Marcus C. Patrick and Viola Patrick, executed and delivered this bond and mortgage to the defendant, the Kimball-Champ Investment Company. The bond is for twenty-five thousand dollars, and payable "to the order of the Kimball-Champ Investment Company." The mortgage is upon the south one hundred feet of lot 13, block 7, in Bayliss' first addition to the city of Council Bluffs, Iowa, being fifty feet on First avenue, and running back same width one hundred feet, and was filed for record on the nineteenth day of June, 1890.   On the same day—June 19, 1890—the Kimball-Champ Investment Company, for value received, sold and assigned in writing said mortgage, and the debt secured thereby, to the plaintiff, which assignment was filed for record March 11, 1892.   On the nineteenth day of September, 1891, this appellant, as plaintiff, commenced an action against Kimball & Champ, Kimball-Champ Investment Company, and others, as defendants, to recover a judgment on account against Kimball & Champ, and for the establishment and foreclosure of a mechanic's lien as to said lot 13 and other lots.   Said cause was submitted on the eighth day of February, 1892, and on June 2, 1892, judgment was rendered in favor of the plaintiff therein, and a decree entered establishing and foreclosing a mechanic's lien in its favor as to the said lot 13.   The only evidence offered on the submission of this cause below was the bond, mortgage and assignment thereof, on behalf of the plaintiff; and, on behalf of the defendant, the decree in said former action, and

evidence which shows quite conclusively that at the commencement of said former action this appellant had no notice, actual or constructive, of said assignment of this bond and mortgage. It will be observed that this mortgage was on record before the commencement of said action, that the mortgagee was made a party to that action, and that appellant, having no notice of said assignment, this plaintiff, though then owning the bond and mortgage under the assignment, was not made a party to said action. It will also be observed that said assignment was not filed for record until after said cause was submitted, but was filed before the decree was rendered; also that this action was commenced after the submission and before decree. Appellant asks in this action that plaintiff, because of said decree, be denied the relief asked as against appellant; that the amount due appellant upon said judgment be first paid out of the proceeds of the sale of said property, and that the lien of the plaintiff be postponed to that of the defendant.

II.    By the decree set up by appellant its mechanic's lien was established and foreclosed, as to said lot 13, "as against all of the defendants to this action." As appellee was not a defendant to that action, the question presented on this appeal is whether he is bound by that decree. Appellant insists in argument that its mechanic's lien is entitled to priority over plaintiff's mortgage under the provisions of sub-division 3, section 3317, McClain's Code, and the facts as assumed in the argument. This question of priority is not before us. Appellee has neither alleged nor proven facts beyond those appearing in the record in the former case, upon which this question of priority must be determined. It rests its defense solely upon said decree. If appellee is bound thereby, then the question of priority is adjudicated; but, if not bound thereby, it can only be determined upon

proper allegation and proof of the fact as to whether appellee's mortgage was made subsequent to the commencement of the building, erection, or improvement on lot 13. Appellant contends correctly that by the foreclosure it did not waive its lien, and that in bringing said action it was not required to look beyond the liens recorded; but the question remains whether appellee is bound by said decree. The written assignment of the bond and mortgage to appellee is an instrument conveying real estate, within the meaning of the recording act. *Bank v. Anderson,* 14 Iowa, 544; *Bowling v. Cook,* 39 Iowa, 200; *Fletcher v. Kelly,* 88 Iowa, 485 (55 N. W. Rep. 474). This assignment, therefore, though unrecorded, is good as against all persons except subsequent purchasers for value without notice. We have seen that appellant acquired its mechanic's lien and brought said action without notice of this assignment, but we inquire whether, as the holder of such a lien, it was a purchaser within the meaning of the law. That its lien had been foreclosed, did not waive it nor enlarge it, beyond the fact, that appellant was entitled to special execution. Appellant's interest in lot 13, under its lien, was not greater nor different from that which a judgment lien holder would have, or an attaching creditor, who had prosecuted his claim to judgment and order for special execution. In *Fletcher v. Kelly, supra,* it is said, as to mechanic's lien holders: "He is not a purchaser; no more so than a judgment creditor; and hence must, at his peril, take notice of all liens and incumbrances, whether recorded or not. His lien attaches to the real estate, subject to all outstanding equities, whether he had notice of them or not, except, in so far as this rule may be modified by the mechanic's lien statute." The modification referred to is as to notice, but not as to whether he is a purchaser or not. The lien holder does not become a purchaser by bringing his action

for and obtaining foreclosure of his lien; but, if the property is put to sale under the decree, and bid in by the lien holder, then, and then only, does he become a purchaser.   We are clearly of the opinion, that appellant was not a subsequent purchaser, within the meaning of the recording act, and therefore, the written assignment to appellee, though unrecorded, is valid as to appellant.

III.   It is insisted that, as appellee's assignor, the Kimball-Champ Investment Company, was a party to that action, the appellant is bound by said decree.  By the assignment of the bond and mortgage the assignor parted with all rights therein, and appellee became invested therewith, and thereafter there was no community of interest between them.   An assignor is not in privity with his assignee as to matters transpiring after the assignment.   Appellant cites and relies on *Reel v. Wilson*, 64 Iowa, 13 (19 N. W. Rep. 814).   In that case Frum gave a first mortgage to Benedict and a second to Perry, both of which were recorded. Perry transferred his mortgage to Reel without any writing, and there was nothing of record to show the transfer, and no evidence that Benedict had notice thereof. Benedict foreclosed as against Frum and Perry, and defendant Wilson acquired a sheriff's deed under execution sale made on that judgment.   Reel commenced his action against Frum and Perry to foreclose the second mortgage, and took decree, but no execution was issued thereon.   Thereafter Reel commenced the action against Wilson to redeem them from the sale to him, and this court held: "That the decree in the Benedict foreclosure left plaintiff no right of redemption except such as was conferred on him by statute.   To hold otherwise would have required Benedict to go beyond the records, and out into the world, in search of the owner of the notes secured by the Perry mortgage." The distinction between that case and this is, that

Wilson was a subsequent purchaser, while, as we have seen, in this the appellant is not. Our conclusion is that appellee is not concluded by said decree, and that, in the absence of allegation and proof showing that appellant's claim is entitled to priority under said section 3317, appellee is entitled to the decree rendered in this action. In this decree the court gave appellant ten days in which to file an amended and substituted pleading. In such a pleading it could have alleged the facts relied on as entitling its claim to priority, but it elected to stand upon said decree as conclusive against appellee, and as its sole defense, and cannot now be heard to ask an adjudication on that question in this case. The conclusion we have reached finds support in the following cases: *Dickerman v. Lust*, 66 Iowa, 444 (23 N. W. Rep. 916); *Hodson v. Treat*, 7 Wis. 266; *Green v. Dixon*, 9 Wis. 532; *Prouty v. Tallman*, 65 Iowa, 354 (21 N. W. Rep. 675); *Chase v. Kaynor*, 78 Iowa, 449 (43 N. W. Rep. 269).

IV. Appellant complains of the form of the decree, in that, as is said, "The relief granted in the court below is a strict foreclosure, without time or opportunity for redemption." Appellant having stood upon the former decree as an adjudication against appellee, and having refused to plead on the merits as to the question of priority, this decree is final on that question; but we do not think it was intended to, nor that it does, deny to appellant its statutory right of redemption. Our conclusion upon the entire record is that the decree of the district court should be AFFIRMED.