· ILLINOIS TRUST & SAVINGS BANK et al. v. CITY OF DES MOINES et al.

(District Court, S. D. Iowa, C. D. May 17, 1915.)

No. 18–A.

1. CONSTITUTIONAL LAW ☞277—DUE PROCESS OF LAW—"PROPERTY"—MORT-GAGE.

Under Const. U. S. Amend. 14, providing that no state shall deprive any person of life, liberty, or property without due process of law, and Const. Iowa, art. 1, § 9, providing that no person shall be deprived of life, liberty, or property without due process of law, a mortgage or trust deed securing an indebtedness is "property."

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 762, 766, 949; Dec. Dig. ☞277.

For other definitions, see Words and Phrases, First and Second Series, Property.]

2. CONSTITUTIONAL LAW ☞251—"DUE PROCESS OF LAW."

"Due process of law" means ordinarily judicial proceedings in court.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 726, 727, 732; Dec. Dig. ☞251.

For other definitions, see Words and Phrases, First and Second Series, Due Process of Law.]

3. JUDGMENT ☞685—CONCLUSIVENESS—PERSONS CONCLUDED—MORTGAGEE.

Where a street railway company had mortgaged its property to a trust company to secure a bond issue before an action was begun by the city to have it declared that the franchise had expired, and the mortgagee was not made a party to that action, it is not bound by the judgment therein, since there is privity between a mortgagor and mortgagee in a judgment only where the rights of the latter arose after the action was begun.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1208; Dec. Dig. ☞685.]

In Equity. Suit by the Illinois Trust & Savings Bank and another against the City of Des Moines and others. On motion to dismiss the bill. Motion overruled.

W. D. McHugh, of Omaha, Neb., and Henry & Henry, of Des Moines, Iowa, for complainants.

H. W. Byers, of Des Moines, Iowa, for respondents.

WADE, District Judge. In 1901, the Des Moines City Railway Company issued bonds of which more than $2,000,000 are still outstanding, secured by a trust deed upon all its assets, including its "liberties, easements, privileges, and franchises." The Illinois Trust & Savings Bank, complainant herein, is trustee in the deed of trust securing said bonds, and as such brings this action to restrain the city of Des Moines from tearing up the tracks of said railway company, and from removing the same from the streets, or interfering with the use of the streets by said company.

The bill recites that on the 4th day of September, 1905, an action was brought by citizens of Des Moines to test the right of the Des Moines City Railway Company to use the streets of the city, alleging that its franchise had expired, and that it had no further rights in

the streets of the city of Des Moines. It is also recited that on the 13th day of May, 1913, by a decree rendered in the Supreme Court of the state of Iowa, it was adjudged that the franchise had expired, and that the Des Moines City Railway Company had no further rights in the streets of Des Moines, and that said decree provided that unless the Des Moines City Railway Company procured a franchise within a time fixed, which time will soon expire, that the city of Des Moines would then have the right to remove the plant, tracks, and equipment from the streets and public places of said city. The bill further recites that neither the trustee, complainant herein, nor the bondholders, were parties to said litigation; that they never were notified to appear in said proceedings, although their trust deed was duly recorded in the records of Polk county, Iowa, and also a matter of public knowledge in the city of Des Moines. It is further alleged that without the franchise the said Des Moines City Railway Company "would be wholly bankrupt and insolvent, and would be wholly unable to pay its said bonds secured by the said trust deed."

The city of Des Moines appears, and by motion raises the question that, conceding all the averments of the complainant's bill, it is not entitled to any relief, for the reason that all the rights of the trustee and the bondholders were adjudicated by the proceedings aforesaid against the Des Moines City Railway Company. Other defenses are raised by the motion, but by agreement of counsel the motion is submitted only for the purpose of having determined the question as to whether or not the judgment rendered in the action against the Des Moines Street Railway Company is binding upon the trustee and the bondholders.

It being conceded, for the purpose of this motion, that neither the trustee nor the bondholders were parties to the suit against the street railway company, we have the question presented as to whether a judgment against a mortgagor of real property is binding against the mortgagee; such action being commenced and judgment rendered after the execution of the trust deed and without notice to the mortgagee. It is not denied that, if the judgment rendered by the Supreme Court is enforced, the bondholders will be deprived of a large part, if not all, of the more than $2,000,000 invested by them.

[1] Article 14 of amendments to the Constitution of the United States provides, among other things:

"Nor shall any state deprive any person of life, liberty, or property, without due process of law."

Section 9, article 1, of the Constitution of Iowa, provides:

"No person shall be deprived of life, liberty, or property without due process of law."

It is fundamental that a mortgage or trust deed, securing an indebtedness, is "property" within the meaning of the Constitution of the United States and the Constitution of the state of Iowa.

[2] " 'Due process of law' means, ordinarily, judicial proceedings in court." Stewart v. Polk County Supervisors, 30 Iowa, 9, 1 Am. Rep. 238. "Due process of law means a course of legal proceedings which secures to every person a judicial trial, before he can be de-

prived of life, liberty, or property." Peerce v. Kitzmiller, 19 W. Va. 564. It means "being brought into court to answer according to law." Lowry v. Rainwater, 70 Mo. 152, 35 Am. Rep. 420; Parsons v. Russell, 11 Mich. 113, 83 Am. Dec. 728; Foule v. Mann, 53 Iowa, 42, 3 N. W. 814. After the trust deed was given upon the property of the Des Moines Street Railway Company, the street railway company owned the legal title; the trustee for the bondholders owned the equitable title; each had a separate and distinct and valuable interest in the property.

[3] All of the foregoing will be conceded by counsel for the defendant, but they contend that the mortgagee is bound by the proceedings against the mortgagor, because it is said that the mortgagee is "in privity" with the mortgagor. It is true that there is a "privity" between the mortgagor and the mortgagee, but it is not such privity as to bind the mortgagee in an action against the mortgagor to which the mortgagee is not a party.

It will be observed that the trust deed was executed in 1901. The action to test the rights of the street railway company was commenced in 1905, four years after the execution of the trust deed. The mortgagee is in privity with the mortgagor in the sense that the mortgagee has no greater rights than the mortgagor had at the time the trust deed was executed, and it would be bound by any proceedings instituted against the street railway company prior to the execution of the trust deed; but there is no privity between the street railway company and the trustee, in the litigation which was instituted after the trust deed was executed.

"To make a man a privy to an action, he must have acquired an interest in the subject-matter of the action either by inheritance, succession, or purchase * * * subsequently to the action." Seymour v. Wallace, 121 Mich. 402, 80 N. W. 242.

"A privy to a judgment or decree is one whose succession to the rights of property thereby affected occurred after the institution of the * * * suit, and from a party thereto." Orthwein v. Thomas, 127 Ill. 554, 21 N. E. 430, 4 L. R. A. 434, 11 Am. St. Rep. 159.

It is needless to cite authorities upon these general principles. The very question presented has been settled definitely by the Supreme Court of the United States and by other courts. In Old Colony Trust Company v. City of Omaha, 230 U. S. 100, 33 Sup. Ct. 967, 57 L. Ed. 1410, the Supreme Court of the United States says:

"A prior suit by the electric company against the city, largely, but not entirely, like the present, resulted in a decree against the electric company. The city now takes the position that that decree is conclusive upon the trust company as mortgagee. But the law is otherwise. The trust company's rights, and those of the bondholders whom it represents, were not acquired during or since that suit, but long prior thereto, and the trust company was not a party to it. This being so, the trust company is free to maintain the present suit, unembarrassed by the decree in the other. Keokuk & Western Railroad Co. v. Missouri, 152 U. S. 301, 313 [14 Sup. Ct. 592, 38 L. Ed. 450]; Louisville Trust Co. v. Cincinnati, 76 Fed. 296 [22 C. C. A. 334]."

The foregoing case was almost identical with the case at bar. An action was brought under a mortgage executed by the Omaha Electric Light & Power Company on its property and franchise in the city of

Omaha, to restrain threatened action of the city looking to the cutting of the wires of the company, and the.city answered, setting up, among other things, the fact that an action had been begun by the Omaha Electric Light & Power Company, the mortgagor, against the city, to enjoin the threatened action on the part of the city, which resulted in a decree of the United States Circuit Court of Appeals holding that the franchise rights of the company had expired. It was contended that this decree was binding upon the mortgagee, and in holding that the mortgagee was not affected by said decree, because it was not a party to said action, the court uses the language quoted above.

In Keokuk & Western R. R. Co. v. Missouri, 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450, the following language is used: .

> "To the argument that this judgment constitutes an estoppel there are two answers: First. There was no such privity of estate between the defendant in the suit, namely, the Missouri, Iowa & Nebraska Company, and the defendant in this suit, as makes the judgment in that case res adjudicata in this. The mortgage of the Missouri, Iowa & Nebraska Railway Company, under the foreclosure of which this defendant purchased this road, was executed June 1, 1870, and neither the trustee under that mortgage, the Farmers' Loan & Trust Company, nor the bondholders, whom this mortgage secured, were parties to that action, which was begun in 1873 to recover the taxes of 1872. While a mortgagee is privy in estate with a mortgagor as to actions begun before the mortgage was given, he is not bound by judgments or decrees against the mortgagor in suits begun by third parties subsequent to the execution of the mortgage, unless he or some one authorized to represent him, like the trustee of a mortgage bondholder, is made party to the litigation, although it would be otherwise if the mortgage were executed pending the suit or after the decree."

In Louisville Trust Co. v. City of Cincinnati, 76 Fed. 296, 22 C. C. A. 334, the United States Circuit Court of Appeals says:

> "In Railroad Co. v. Delamore, 114 U. S. 501, 5 Sup. Ct. 1009 [29 L. Ed. 244], it was held that a grant by a municipal corporation to a railway company of a right of way through certain streets of the city,. with the right to construct its railway thereon and maintain and occupy them in its use, is a franchise which may be mortgaged, and would pass to a purchaser at a sale under a foreclosure of the mortgage. There is nothing in the law of Ohio which in any way contravenes the right of a railway company to mortgage its street easements, or which would prevent such easements from passing to a purchaser at foreclosure sale. It therefore follows that the complainant under the mortgage mentioned has acquired the substantial rights in the street easements of the mortgagor company, and cannot be deprived of this security by a proceeding directly impeaching their validity and duration without being made a party thereto."

In view of these different decisions of the United States courts, it is needless to extend this discussion. It will be borne in mind that the principles laid down in the foregoing decisions are recognized, not alone in the federal courts, but in every court of every state where the question has arisen.

Counsel for the city cite numerous cases, but none of them hold that a mortgagee is bound by a decree in proceedings commenced after the mortgage was executed to which he is not a party. Most of them present the well-settled rule that the mortgagee is bound by any and all proceedings prior to the execution of the mortgage, and can acquire no greater rights than the mortgagor possessed.

It is not contended by complainant, nor would such contention be warranted, that the mortgagee herein has any other or greater rights than the street railway company had at the time the mortgage was executed. The sole contention here is that *what those rights were at the time the mortgage was executed* cannot be determined in an action to which the trustee or the bondholders are not made parties. That a man shall have his "day in court" is one of the cherished rights guaranteed under our Constitution. It may be that the results of the action by the mortgagee would be the same as in an action against the mortgagor; but a man does not have his "day in court" unless he has been made a party in the proceeding, duly summoned to appear, with the right to introduce evidence and cross-examine the witnesses, and present to the court his theory of the case. It may be that every question involved was ably presented by counsel for the mortgagor, but the mortgagee is not bound by what the mortgagor does. Their rights are individual, and each is entitled to his "day in court."

If there be those who, in view of this ruling, reflect upon the "law's delays," let them understand that this situation is not the result of the law, nor of any action, or failure of action, on the part of the courts. It is conceded upon this motion that this trust deed was of record in the city of Des Moines, and also a matter of public knowledge. The trustee and bondholders could have been made parties to the original proceeding, and the action could have been determined as to the mortgagor and the mortgagee in one action. This ruling is simply an application of well-settled constitutional principles and a recognition of established legal rights.

To the ruling, overruling said portion of said motion, the defendant excepts.