NAT LUTHER, Appellant, v. HENRY KINION, Respondent.

Springfield Court of Appeals, April 20, 1918.

**JUDGMENT: Conclusiveness: Mortgagee and Mortgagor.** Where a wife for an indebtedness pledged or mortgaged certain live stock as security for payment thereof, and later the husband, who knew of existence of the pledge, brought suit for divorce, in which suit title to the property pledged was tried and adjudicated in favor of the husband, plaintiff pledgee or mortgagee, not made a party to divorce suit, would not be bound by judgment therein in a subsequent suit against defendant purchaser of property under divorce judgment.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED AND REMANDED.

*J. N. Burroughs* for appellant.

FARRINGTON, J.—The sole question for determination on this appeal is whether a mortgagee of personal property is bound by a judgment rendered against

his mortgagor in a suit to try title to the mortgaged property which suit was instituted subsequent to the giving of the mortgage, the mortgagee not being made a party thereto.

The facts are that in 1912 Mrs. Bartholemew, wife of J. A. Bartholemew, living on a farm in Howell county on which was certain live stock, executed a note to the plaintiff, Luther, on account of an indebtedness she owed him. On the back of the note there was written a pledge, pleading the live stock for the payment of the note. The matter stood in this way until sometime in 1914 when J. A. Bartholemew brought a suit for divorce against Mrs. Bartholemew in which the title to the farm of real estate and the title to the personal property covered in the pledge was tried, and a judgment was rendered in favor of Bartholemew and against his wife. The pledge (or, as it is termed in the record before us, the chattel mortgage) was never recorded, but before there was a levy made under the Bartholemew judgment the plaintiff took possession of the live stock and it was taken out of his hands under the execution, he thereupon instituting this suit in replevin. There is evidence tending to show that Bartholemew knew of the existence of the pledge or chattel mortgage before he instituted his suit to determine the title in the divorce proceeding, and, as stated, he did not make the pledgee or mortgagee (plaintiff herein) a party. In the trial of the replevin suit the plaintiff was not permitted to make any showing that the property belonged to Mrs. Bartholemew at the time she gave the chattel mortgage or pledge, and the trial court decided the case on the theory that the plaintiff herein was bound by the former judgment in the divorce proceeding between Bartholemew and his wife and was estopped to deny Bartholemew's title. The court over the objection of the plaintiff permitted to be introduced in evidence the petition, answer and judgment rendered in the Bartholemew trial, and at the close of the evidence directed a verdict for the defendant Kinion. It should be stated that Kinion, the

defendant in this suit, is the purchaser of the property under the Bartholemew judgment.

A declaration of law approved in the case of Wommack v. St. Joseph, 201 Mo. l. c. 477, 478, 100 S. W. 443, is that "In the law of estoppel one person becomes privy of another, first, by *succeeding* to the position of that other as regards the subject of the estoppel, and, second, by *holding* in subordination to that other" and that "To make a man a privy to an action he must have acquired an interest in the subject-matter of the action either by inheritance, succession, or purchase from a party subsequent to the action, or he must hold property subordinately." 23 Cyc. 1260 lays down the rule that a mortgagee is not bound by any proceedings against his mortgagor which were not begun until after the execution of the mortgage, unless he was made a party thereto, and that the assignee is not bound by a judgment against his assignor where his rights vested prior to the commencement of the action against his assignor. [See, Bigelow on Estoppel (6 Ed.), pp. 158, 159.] The Supreme Court of the United States in the case of The Keokuk and Western R. Co. v. State of Missouri, 152 U. S. 301, 38 L. Ed. 450, holds that a mortgagee is not bound by judgments or decrees against the mortgagor in suits begun subsequent to the execution of the mortgage unless he be made a party or some one representing him be made a party. In the case of Vincent v. Hansen (Mich.), 71 N. W. 488, it is held that where a vendor of chattels replevins the same for fraud of the vendee and recovers a judgment, such judgment is not *res judicata* as to a mortgagee of the goods where the mortgage was given before the claim of fraud was made. [See also: Tyres v. Kennedy (Ind.), 26 N. E. 394; Yorks v. Steele, 50 Barb. (N. Y.) 397; Campbell v. Hall, 16 N. Y. 575; Old Colony Trust Co. v. City of Omaha, 230 U. S. 100, 57 L. Ed. 1410; 15 R. C. L. secs. 502, 503; Nashua Trust Co. v. Edwards Mfg. Co., 99 Ia. 109, 61 Am. St. Rep. 226; Illinois Trust & Saving Bank v. City of Des

Moines, 224 Fed. 620.] From the principle announced in the foregoing authorities the ruling of the trial court to the effect that the plaintiff in this case was bound by the judgment in the Bartholemew case was erroneous.

All that is before us in this case is the abstract prepared by the appellant and the appellant's brief; nothing was filed on behalf of the respondent to aid the court in determining the matter presented. Appellate courts are kept busy in deciding cases which are briefed on both sides and should not be required to take the time necessary to look up the respondent's side of the case unaided.

The judgment is reversed and the cause remanded. *Sturgis, P. J.*, and *Bradley, J.*, concur.