[No. 1468. Decided November 19, 1894.]

HENRY HOWARD, *Respondent*, *v.* N. M. SHAW ET AL., *Defendants*, ALONZO M. MURPHY, *Appellant*.

GEORGE L. WALKER, Administrator, *Respondent*, *v.* W. A. LEWIS ET AL., *Defendants*, ALONZO M. MURPHY, *Appellant*.

APPEAL—SERVICE OF NOTICE—PARTIES—STATEMENT OF FACTS —EQUITY CAUSES—ASSIGNMENT OF MORTGAGES—REGISTRATION.

Service of a notice of appeal upon one member of a law firm, who appeared for a party to the action, is a good service when the other member of the firm is dead.

Where a lawyer appears for himself and as attorney for his wife, service of a notice of appeal upon him, directed to both, is a good service.

Under laws 1893, p. 120, § 4, proof of service of the notice of appeal upon the prevailing party must be filed within five days after service, but proof of service upon co-parties with the appealing party may be filed subsequently.

The service of a proposed statement of facts upon the only parties adverse to the appellant is sufficient, under Laws 1893, p. 114, § 9, although there are other parties to the action who do not join the appellant in the appeal.

Under Laws 1893, p. 118, § 17, and p. 130, § 21, an equity case is reviewable upon the law without the production of a complete record.

Where the guarantor of a promissory note has been made a party defendant to an action, the judgment in which involves his contingent liability, the plaintiff is estopped from raising any question as to the guarantor's appealable interest.

Assignments of mortgages are not within the operation of the recording acts of this state.

A mortgage was executed by S. in February, 1889, upon certain land, and the mortgagee, L. when filing the same for record, also filed an assignment of the mortgage to his wife, which was recorded along with the record of the mortgage. In May, 1889, L. and his wife assigned the note and mortgage to a third person, H. In January, 1890, the mortgagor S. conveyed the mortgaged land to L.'s wife, she being the assignee of record of the mortgage. Later in the same

year, L.'s wife wrote a satisfaction of the mortgage upon the margin of the record, which was attested by the auditor, and thereafter, in September, 1890, L. and wife negotiated a loan upon a portion of the land. H. did not place the assignment to him upon record until August, 1892. *Held,* that the mortgage held by H. was entitled to priority.

*Appeal from Superior Court, Spokane County.*

*F. T. Post,* for appellant.

Where the registry laws of a state authorize the recording of an assignment of mortgage, the discharge of the mortgage by the party who appears by the record to be the owner, will operate as an effective release of the mortgage as to subsequent *bona fide* purchasers and encumbrancers. *Bank of Indiana v. Anderson,* 14 Iowa, 544; *Walker v. Schreiber,* 47 Iowa, 529; *Howard v. Ross,* 5 Brad. 456; Jones, Mortgages, § 820; *Lewis v. Kirk,* 28 Kan. 497; *Connecticut Mutual Life Ins. Co. v. Talbot,* 113 Ind. 373.

If a mortgage is discharged upon the record by a person who appears by the record to be the owner of it even though it has actually been assigned, it will operate to cancel the mortgage as against subsequent purchasers and mortgagees in good faith and without notice, but as to other persons the validity of the mortgage will not be impaired. Thomas, Mortgages, p. 142; Jones, Mortgages, § 472. It has been held that this principle applies even where there is no provision for the record of assignments of mortgages. *Swartz v. Leist,* 13 Ohio St. 419; *Summers v. Kilgus,* 14 Bush, 449.

Some statutes provide expressly for the recording of assignments of mortgages and others provide for such record by implication. Jones, Mortgages, § 472. The courts, in the latter case, seize upon any language which can reasonably be so construed as to include in the legislative intent the recording of assignments of mortgages. *Ely v. Scofield,* 35 Barb. 330; *Henderson v. Pilgrim,* 22 Tex. 464. It is a matter of common knowledge that it has been the general custom in this state for an assignee of a mortgage to cause his assignment to be recorded in the auditor's office; that it has been the opinion of the people of this state that such assignments were entitled to record, and that by such assignment the assignees were protected. General usage, long continued, has great weight in the construction of law, especially when that construction has been adopted by many law officers. (*Haight v. Lowman,* 6 Johns. Ch. 239). The construction of a statute in accordance with the established practice will be especially followed by the courts in cases where a departure from such construction would result in great mischief, or where property rights would be destroyed. 23 Am. & Eng.

Enc. Law, p. 342 ; *McKeen v. DeLancy*, 5 Cranch, 32 ; *In re War-field's Will*, 22 Cal. 51 (83 Am. Dec. 49); *Chestnut v. Shane*, 16 Ohio, 603 (47 Am. Dec. 387); *Rogers v. Goodwin*, 2 Mass. 477.

*Crow & Richardson* and *A. E. Gallagher*, for respondent.

Protection secured by registration is wholly the creation of statute, and if the statute does not require an assignee of a mortgage to record his assignment, he is not guilty of negligence in failing to do so. Jones, Mortgages (5th ed.), § 956 (*a*); *Lee v. Clarke*, 1 S. W. 142 ; *Bamberger v. Geiser*, 33 Pac. 609 ; *Hagerman v. Sutton*, 91 Mo. 520 ; *Clinton Loan Ass'n. v. Merritt*, 17 S. E. 296 ; *Williams v. Keyes*, 51 N. W. 520 ; *Trust Co. v. Shaw*, 5 Sawy. 340 ; *Jourdon v. Schrimpf*, 77 Mo. 386 ; 20 Am. & Eng. Enc. Law, p. 532 ; *Reeves v. Hayes*, 95 Ind. 521 ; *James v. Morey*, 2 Cow. 246 ; *Gordon v. Rixey*, 76 Va. 694 ; *Dixon v. Hunter*, 57 Ind. 278 ; *Pratt v. Bank of Bennington*, 10 Vt. 293 ; *Ely v. Wilcox*, 20 Wis. 551 ; *Galpin v. Abbott*, 6 Mich. 17 ; *Bank v. Bronson*, 14 Mich. 361.

The opinion of the court was delivered by

STILES, J.—Service of a notice of appeal upon one member of a law firm, who appeared for a party to the action, is a good service when the other member of the firm is dead.

Where a lawyer appears for himself and as attorney for his wife, service of a notice of appeal upon him, directed to both, is a good service.

Proof of service of the notice of appeal upon the *prevailing* party was filed within five days after the service. This, with the filing of the bond, effected the appeal. Laws 1893, Ch. 61, § 4 (p. 120). The act does not prescribe when proof of the service upon co-parties with the appealing party shall be filed. Id. § 5 (p. 121).

The law governing the settlement of a statement of facts requires a copy of the proposed statement to be served upon the *adverse* party. Laws 1893, Ch. 60, § 9 (p. 114). In this case a copy was served upon the attorneys for Howard and Walker, Admr., who were the only parties adverse to the appellant. It would have made no difference with the result of this case, however, had there been no statement in the record, as the point raised upon the appeal is purely one of law, arising by reason of alleged error in the court's conclusions upon the facts found. Under the present statute

an equity case is reviewable upon the law without the production of a complete record.  Laws 1893, Ch. 60, § 17, (p. 118); Ch. 61, § 21, (p. 130).

The motion to dismiss and the motion to strike the statement are denied.

On the tenth day of January, 1889, N. McN. Shaw executed and delivered to W. A. Lewis a mortgage of real estate to secure payment of the sum of $5000, evidenced by her note of the same date.  On the 21st day of February Lewis filed the mortgage for record, and at the same moment he also filed for record an unacknowledged assignment of "the foregoing mortgage" and the note secured thereby, dated February 19, 1889, to his wife, Fannie B. Lewis.  The mortgage and the assignment were recorded on succeeding pages of the same mortgage record book.  May 10, 1889, the Lewises, husband and wife, joined in the execution of an unacknowledged assignment of "the foregoing mortgage" and the note secured thereby, to the respondent Howard, which assignment he filed for record August 29, 1892.

In January, 1890, Shaw conveyed the tract of land covered by the mortgage to Mrs. Lewis, by warranty deed, for a valuable consideration.  September 3, 1890, the Lewises negotiated a loan of the respondent Walker's testator, C. F. Crowell, in the sum of $7500, and to secure the note given by them proposed to execute a mortgage upon a part of the land covered by the Shaw mortgage.  Crowell's agent observing from the abstract of the title that the Shaw mortgage was uncancled, required the Lewises to cancel it, and this Mrs. Lewis did at the instance of her husband, by writing a satisfaction upon the margin of the record of the mortgage, and causing the auditor to attest it.  The loan was thereupon made, and the firm of Alonzo M. Murphy & Co., of which appellant was a member, guaranteed the payment of the note to Crowell.

Each mortgage holder brought his action to foreclose. Walker's testator praying judgment for any deficiency against Murphy & Co., while Howard alleged fraud in the cancellation of his mortgage and sought to set aside the sat-

isfaction and have his mortgage decreed a first lien. The cases were consolidated, and the real issue was, which mortgage, under the facts, was entitled to priority. The court held with Howard, foreclosed both mortgages, and directed that appellant pay any deficiency that might accrue to Walker upon the sale of the land, and the devotion of the proceeds to the payment of the two mortgages in the order established.

Respondent Howard contends that appellant has no appealable interest until he has paid the note which he guaranteed: but whatever his abstract legal position might be, it certainly does not lie with the respondent, after making appellant a party defendant in his own action, and casting upon him the burden of the defense made, to say that he shall not, in the same proceeding, relieve himself of the contingent liability which the judgment fixes upon him.

Upon the main case appellant's position is that he and Crowell were entitled to rely upon the county real estate records, which appeared to show that at the time their loan was made to the Lewises, Mrs. Lewis was the owner of the note and mortgage given by Shaw, and of the fee of the mortgaged land as well, and was the person entitled and required, under the law, to satisfy the mortgage. On the other hand, respondent Howard's claim is that the law does not require, contemplate or permit the recording of an assignment of a mortgage, and that every purchaser or encumbrancer of real property in this state, is bound to know, at his peril, that the person executing a satisfaction of mortgage had the legal right to do so.

A great deal has been written upon this subject by way of judicial decision, a digest of which will be found in 20 Am. & Eng. Enc. Law, 532, under the conclusion that assignments of mortgages are not within the operation of recording acts, unless there are express provisions to that effect. To the same effect are Jones, Mortgages, § 956 a; Pingrey, Mortgages, art. 5, p. 685; 2 Pomeroy, Eq. Jur., § 651.

A few cases are found where the court, by reason of certain definitions of "land," or "conveyances," or similar

words, contained in the statutes have held that assignments of mortgages were impliedly included among the instruments required to be recorded. See *Bank v. Anderson*, 14 Iowa, 544; *Henderson v. Pilgrim*, 22 Tex. 464. But our statutes are too bare of any suggestion concerning assignments of this kind for us to make a judicial interpretation of them in favor of the appellant.

Gen. Stat., § 1422, prescribes that, "all conveyances of real estate, or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate, shall be by deed." It is not necessary to say that an assignment of a mortgage is none of these. Id. § 1439 requires deeds and mortgages to be recorded, and makes the record constructive notice. Among the duties of the auditor it is prescribed that he shall record "deeds, grants, transfers, and mortgages of real estate, releases of mortgages, etc.," and "such other writings as are required or permitted by law to be recorded." Id. 199. And this is all there is upon the subject. The auditor is, by Id. § 200, required to index "every instrument concerning or affecting real estate," but that, of course, means every instrument which he is legally authorized or required to record.

We have no doubt that the practice has long prevailed with the auditors in the state to record these instruments, and charge for it, as suggested by appellant, but we find no authority for it in the statutes, and the custom does not, in this case, make the law. Our attention is called to many considerations of the very great advantages to owners, purchasers and encumbrancers of real estate, which would accrue from a construction contrary to the one we are compelled to make with great reluctance ; but they must be addressed to the legislature, which can easily remedy an oversight now of many years standing.

The judgment of the court below will be affirmed.

ANDERS, J., concurs.

HOYT, J.—I concur in the foregoing opinion on the merits, but express no opinion upon the motions.

DUNBAR, C. J., dissents.