[No. 3609.   Decided April 25, 1901.]

GEORGE W. FISCHER *et al., Respondents,* v. SAMUEL C. WOODRUFF *et al., Defendants,* PROVIDENT LIFE & TRUST COMPANY, of Philadelphia, *Appellant.*

MORTGAGES—ASSIGNMENT—ILLEGAL  CANCELLATION  OF  MORTGAGE—
    SUBSEQUENT INCUMBRANCES.

    A *bona fide* assignee of a note secured by mortgage was not estopped, by the subsequent act of his assignor in cancelling the mortgage of record, from asserting the validity of such mortgage

against a subsequent incumbrancer for value and in good faith, who took a mortgage of the same premises from the same mortgagor, in reliance upon the cancellation of the prior mortgage, and in ignorance of its actual assignment, when it was not requisite under the recording acts in force at the time that the assignment of a mortgage be made a matter of record.

SAME — RIGHTS OF ASSIGNEE.

Where the *bona fide* purchaser of a note secured by mortgage assigns same after maturity, the assignee is not subject to defenses that could not have been urged against his assignor, merely from the fact that his purchase was made after maturity.

SAME — TAXES — PAYMENT BY JUNIOR MORTGAGEE — LIEN.

A junior mortgagee who pays the taxes on the mortgaged property for the purpose of protecting its lien, and without knowledge of the existence of a prior mortgage thereon, is entitled to have the sum paid for taxes declared a lien superior to that created by the prior mortgage.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Modified.

*E. R. York (P. Tillinghast,* of counsel) for appellant.

*Ira Bronson,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—On September 8, 1891, the defendant, Samuel C. Woodruff, who was then an unmarried man, made and delivered to the defendant George G. Mills, his promissory note for $4,000, payable on or before two years after date, with interest. At the same time, and as security for the payment of the note, Woodruff executed and delivered to Mills a mortgage upon certain real property situated in Thurston county. On the 14th day of the same month the mortgage was duly recorded in the auditor's office. Within ninety days after the execution of the note,—the exact date not being shown,—Mills, for value, indorsed the note to the defendant Pauline Leberman, who on the 6th day of February, 1893, indorsed it to the co-

partnership of Fischer & McDonald.    McDonald subsequently died, and through probate proceedings had in the administration of his estate, the note was, after its maturity, sold and indorsed to the respondents in this action.  No formal assignment of the mortgage was ever made, and on the 18th day of July, 1892, it stood on the records in the name of, and as the property of, Mills.  On that day Mills, while the note was in the hands of Pauline Leberman unpaid, without her knowledge or notice to her, acknowledged on the margin of the page on which the mortgage was recorded, over his signature, satisfaction in full of the mortgage.    Two days thereafter the appellant made a loan to Woodruff of $8,000, taking his promissory note for that sum, and a mortgage upon the above mentioned property as security.    At that time it had no notice or knowledge that Mills at the time he undertook to satisfy the mortgage had parted with his interest in the note; nor did it have notice that the note remained unpaid, or that Mills had no authority from the owner and holder of the note to satisfy the mortgage of record.    In 1897 the appellant foreclosed its mortgage, sold the mortgaged premises, bid them in at the sale, and now holds a sheriff's certificate of sale therefor.    Neither the respondents nor their immediate assignors, however, were made parties to these foreclosure proceedings.    The present action is brought to foreclose the original mortgage.    The complaint is in the usual form, and the answer, after denying the allegations of the complaint, sets out substantially the foregoing facts.    The trial court adjudged the respondents' mortgage to be an existing lien superior to the rights of the appellant, and entered a judgment of foreclosure accordingly.    The appeal is from that judgment.

The appellant moved in the court below to make the complaint more definite and certain, which motion the

trial court overruled. It also served interrogatories upon the respondents, to which they filed answers. It then moved for an order requiring the answers to be made more definite, which motion being denied, it moved for a dismissal of the action on the ground that the answers filed to the interrogatories were so indefinite as to amount to a refusal to answer, which motion was also denied. Error is assigned on these several rulings of the court, and a large space of the brief is given to an argument of these questions. We find no merit in these assignments. The complaint contained every necessary allegation, and the answers to the interrogatories were as definite as the facts within the knowledge of the respondents permitted them to be made. This is sufficient to comply with the requirements of the statute.

The principal question is whether the satisfaction of a mortgage upon the record by a mortgagee, after he had assigned it, operates to cancel the mortgage as against a subsequent incumbrancer for value and in good faith. It is the rule in this state that a mortgage conveys no title to the mortgaged premises; it is a mere security, and is satisfied and extinguished by the performance of the condition the performance of which it is given to secure. *Hitchcock v. Nixon,* 16. Wash. 281 (47 Pac. 412) *Dane v. Daniel,* 23 Wash. 379 (63 Pac. 268). It is also a familiar rule, at least in those jurisdictions where a mortgage is a lien merely, that, where a debt is secured by a mortgage, the debt is the principal, and the mortgage the incident, and that an assignment of the debt is an assignment of the mortgage. From these principles it is clear that Mills, when he indorsed the note sued upon to Mrs. Leberman, parted not only with all his interest in the note, but with his interest in the mortgage, also, and stood thereafter with reference thereto as a stranger, and could no more

legally cancel and satisfy the mortgage of record than could any stranger to the record. Whether, therefore, his apparently legal cancellation of the mortgage estops the assignee of the note from afterwards asserting the lien of the mortgage as against the appellant, who is an incumbrancer for value and in good faith, depends upon the recording acts. As the purpose of these acts is to protect subsequent *bona fide* purchasers and incumbrancers against prior unrecorded liens and conveyances, their propriety and utility may be conceded; but registration of instruments affecting property rights and titles is purely the creation of the statute, and, unless the statute requires the assignee of a mortgage to record the assignment, he is not guilty of negligence in failing to do so; nor is he estopped by an illegal, though apparently regular, cancellation of the mortgage from asserting it, even against a subsequent *bona fide* incumbrancer, if he had no notice of its cancellation prior to the time the subsequent incumbrance attached. *Oregon Trust Co. v. Shaw*, 5 Sawy. 336; *Reeves v. Hayes*, 95 Ind. 521; *Lee v. Clark*, 89 Mo. 553 (1. S. W. 142); *Joerdens v. Schrimpf*, 77 Mo. 383; *Bamberger v. Geiser*, 24 Ore. 203 (33 Pac. 609).

The inquiry is, then, did the recording acts, at the time of the assignment of this note and the time of the purported cancellation of the mortgage by Mills, require that an assignment of a mortgage should be recorded? In *Howard v. Shaw*, 10 Wash. 151 (38 Pac. 746), we held that they did not. The question was squarely presented in that case, and the ruling was made upon facts somewhat similar to the case at bar. The appellant questions the correctness of that decision, and asks that it be overruled; but a reexamination has convinced us that the case correctly interprets the statutes, and, were it an original question, we would hold the same way. As the reasons

for the conclusion are fully stated in the opinion in that case, it is unnecessary to repeat them here.

It is next argued that the rule is not applicable to the respondents in this case, because, it is said, they are not *bona fide* assignees of the note. It is not disputed that the respondents purchased for value, and without actual notice that the mortgage appeared on the record to be canceled and satisfied in full; but it is said that, because they purchased after maturity, they must be held to have taken with notice of the satisfaction, and cannot now assert their want of actual knowledge. This is not the rule. It is not pretended that Mrs. Leberman was estopped, or would be had she attempted to foreclose the mortgage. Such rights as she had passed to the respondents by the several assignments.

The trial court found:

"That on the 26th day of November, 1897, The Provident Life and Trust Company, under the terms and authority given to it by its said mortgage for $8,000, paid to the treasurer of Thurston county, Washington, the taxes duly levied and assessed against said mortgaged premises, and which were a lien thereon, for the years 1893, 1894, 1895 and 1896, amounting to the sum of $1,804.86; that said sum has not been repaid to the said company, but is now due and owing to it, with interest thereon from November 26, 1897, at the rate of twelve per cent. per annum; that said payment of said taxes was made by said company without any knowledge or information of the rights, interests or lien alleged and claimed by the plaintiffs herein in, to, or upon said mortgaged premises, but believing that the said mortgage of said company for $8,000 thereon was the first lien upon said premises."

It refused, however, to adjudge that the amount so paid was a lien on the mortgaged premises, superior to the mortgage of the respondents. In this we think the court erred. These taxes were a paramount lien upon the prem-

ises, superior to the lien of the respondents' mortgage, and for the non-payment of which the property might have been sold, and a superior title to the respondents' mortgage given.    The payment was made in good faith by the appellant, without knowledge of the respondents' rights, for the purpose of protecting its lien upon the premises, and it would be far from just to give the respondents the benefit of these payments.    There is nothing in the facts of the case that militates against the right, and we think that equity requires that they be declared a superior lien upon the lands in favor of the appellant.

The cause will therefore be remanded, with instructions to the lower court to so far modify the judgment appealed from as to allow the appellant a superior lien upon the premises for the amount of taxes paid by it, with legal interest from the time of such payment; also adjudging to the appellant any surplus that may remain after the satisfaction of the respondents' mortgage.    The appellant will be allowed its costs on this appeal.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.