[No. 6873. Decided November 4, 1907.]

H. CHRISTENSON, *Appellant*, v. MARY RAGGIO *et al.*, *Respondents*, A. M. HOOVER *et al.*, *Defendants*.[1]

VENDOR AND PURCHASER—BONA FIDE PURCHASERS—RECORDS—MORT-GAGES—SATISFACTION. The fact that purchasers of property recorded their deed, before satisfaction of a mortgage by one holding an unrecorded assignment of the mortgage, does not prevent their being *bona fide* purchasers, where the assignment had been exhibited to them and arrangements made for its record, and they paid no part of the purchase price until after record of the assignment and satisfaction of the mortgage.

MORTGAGES — ASSIGNMENT — RECORD — SATISFACTION. Under Bal. Code, § 4565, authorizing satisfaction of a mortgage by an assignee after record of his assignment, the purchaser of the property may rely on such a satisfaction, without requiring production of the negotiable paper which the mortgage secured.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 11, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*S. S. Langland*, for appellant.

*Fred H. Peterson* and *H. C. Force*, for respondents.

CROW, J.—This action was commenced by H. Christenson against A. M. Hoover, Hattie Hoover, his wife, Gervain Minaglia, E. A. MacKay, Mary Raggio, and Stefano Raggio, her husband, to foreclose a mortgage on real estate. The evidence shows, that on January 31, 1901, the defendants A. M. Hoover and wife executed and delivered to one S. J. Teachnor their note for $300, secured by their mortgage deed on lot 3 in block 8, McAllister's addition to the city of Seattle; that the mortgage was recorded; that on February 19, 1901;

[1]Reported in 92 Pac. 348.

S. J. Teachnor, by written assignment, executed and delivered, transferred the note and mortgage to the defendant E. A. MacKay; who did not then record such assignment; that on February 25, 1901, without surrendering his own assignment, MacKay procured the mortgagee, Teachnor, to execute another written assignment to the plaintiff Christenson, which he, MacKay, delivered with the note and mortgage to plaintiff for a valuable consideration; that plaintiff did not then record his assignment; that the record title to the property thereafter passed by mesne conveyances to one Averill Beavers, who, on October 1, 1901, sold to the defendant Mary Raggio; that she employed an attorney to examine the title; that he discovered the mortgage lien then standing of record in the name of the original mortgagee; that the defendant Mary Raggio and her attorney were then informed by the defendant MacKay that he held an assignment of the mortgage, which he exhibited to them; that he stated the mortgage note had been paid, and that he would record his assignment and satisfy the mortgage of record; that on October 2, 1901, at 10:57 o'clock, a. m., Mary Raggio recorded her deed from Averill Beavers; that at 2:41 o'clock p. m. on the same day, MacKay filed his assignment for record and satisfied the mortgage; that immediately thereafter Mary Raggio paid the purchase money to her grantor Averill Beavers; that she then had no knowledge of the plaintiff's claim, and that the plaintiff did not record his assignment until May 19, 1906, immediately prior to the commencement of this action.

The plaintiff alleged that the purported assignment held by MacKay had been obtained by fraud; that MacKay never owned or had possession of the note; that the pretended satisfaction executed by him was null and void; and that the plaintiff had no knowledge of such satisfaction until about to foreclose his mortgage. Hoover and wife were not served. The only defense was made by the defendants Mary Raggio and Stefano Raggio, her husband, who claimed to be *bona*

*fide* purchasers. The trial court found in their favor and dismissed the action. The plaintiff has appealed.

The only question to be considered is whether respondents were *bona fide* purchasers of the property, free and clear of appellant's mortgage lien. Appellant contends they were not, for the reason that at the time they purchased the property and recorded their deed, they had actual and constructive notice of the mortgage which stood of record in the name of the original mortgagee without assignment or cancellation. If we correctly understand appellant's position, it is that as respondents recorded their deed during the morning hours of October 2, 1901, and as the assignment to MacKay and the satisfaction executed by him were not recorded until the afternoon of the same day, they purchased subject to the mortgage lien. It is undisputed, however, that respondents having seen MacKay's assignment, arranged for its record and the entry of satisfaction prior to the filing of their deed, and that they did not pay any of the purchase money to their vendor until after such record and satisfaction. No evidence was introduced tending to show that the respondents had any knowledge of the plaintiff or his claim. These facts show respondents to have been *bona fide* purchasers for value, and entitled to rely on the record of MacKay's assignment and satisfaction.

Appellant further claims that the assignment to MacKay was not sufficient to transfer both the note and mortgage. Although such assignment discloses one or two slight inaccuracies, we find no merit in this contention, but hold that it was sufficient to transfer not only the mortgage, but also the note.

The appellant further contends that it was the duty of the respondents when they purchased the property and learned that the mortgage was unsatisfied, to have ascertained who was then the owner and holder of the note; that where a mortgage secures a negotiable promissory note, a mortgagor or subsequent parties dealing with the title are chargeable with notice

that such note may have been transferred; that if they make payment without requiring its production, they do so at their peril, and that in case the note has been assigned, the payments so made afford no protection as against the assignee and holder of the note. The respondents Raggio were not making payment of the note. They were purchasing the property from Averill Beavers to whom they paid its full value. They were under no obligation to ascertain who then held the note.

Prior to the enactment of Bal. Code, § 4565 (P. C. § 6557), and in the absence of any act authorizing or requiring the record of an assignment of a mortgage, this court, in *Howard v. Shaw*, 10 Wash. 151, 38 Pac. 746, in substance announced the doctrine for which appellant now contends. See, also, *Fischer v. Woodruff*, 25 Wash. 67, 64 Pac. 923, 87 Am. St. 742. In chapter 23 of the Laws of 1897, at page 23, the legislature, however, enacted Bal. Code, § 4565, *supra*. Since then any person to whom a mortgage has been assigned has been authorized, after record of his assignment in the office of the auditor of the proper county, to acknowledge satisfaction and discharge the mortgage of record. This is exactly what the defendant MacKay did under the authority of his recorded assignment, and the respondents having ascertained that his assignment had been recorded, and that he had entered satisfaction, before they made any payment of purchase money to their vendor, they are now protected against any lien claimed by the appellant who failed to record his assignment for a period of more than five years.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, and DUNBAR, JJ., concur.

MOUNT and ROOT, JJ., took no part.