PEOPLE'S TRUST CO. v. TONKONOGY et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. LIS PENDENS (§ 22*)—FILING OF NOTICE—EFFECT.
    Under Code Civ. Proc. § 1671, providing that, where notice of the pendency of an action is filed, the pendency of the action is constructive notice from the time of filing to a purchaser or incumbrancer of the property, an incumbrance executed and delivered before, but not recorded until after, the filing of a notice of pendency of action, is as completely cut off by the judgment as if the holder thereof had been a party to the action.
    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 31, 34, 37; Dec. Dig. § 22.*]

2. MORTGAGES (§ 533*)—FORECLOSURE—SALE—TRANSFER OF TITLE.
    A sale under a judgment of foreclosure carries title to all rights in the premises so sold which were held by all persons bound by the judgment.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 533.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. MORTGAGES (§ 224\*)—ASSIGNMENTS—VALIDITY.**

> A mortgage may be assigned by delivery.
>
> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 591–595; Dec. Dig. § 224.\*]

**4. MORTGAGES (§ 244\*)—ASSIGNMENTS—RECORDING—EFFECT.**

> An assignee of a recorded mortgage need not record the written assignment to protect himself against a subsequent purchaser of the mortgaged premises, but he must record it to protect himself against a subsequent assignment from the same assignor for value and without notice.
>
> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 633–655; Dec. Dig. § 244.\*]

**5. MORTGAGES (§ 257\*)—ASSIGNMENTS—RECORDING—NOTICE.**

> A recital in a recorded assignment of a mortgage, executed by an assignee of the mortgagee, is not notice under the recording acts of the unrecorded assignment by the mortgagee.
>
> [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 257.\*]

**6. MORTGAGES (§ 534\*)—FORECLOSURE—SALE—EFFECT.**

> A sale under a judgment foreclosing a first mortgage, rendered in an action in which notice of lis pendens was filed, carries not only such rights as the mortgagor who had sold the premises and had acquired a second mortgage for the price had in the second mortgage, but also such interest therein as he could have transferred to a purchaser for value without notice, and a purchaser at the sale acquired a marketable title as against the second mortgage held under a recorded assignment executed by an assignee from the mortgagee by an unrecorded assignment.
>
> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1555; Dec. Dig. § 534.\*]

**7. MORTGAGES (§ 537\*) — FORECLOSURE SALE — RELIEF FROM PURCHASE — GROUNDS.**

> A corporation purchasing premises at a mortgage foreclosure sale may not avoid the sale by showing that its president, who was a party defendant and who was the original mortgagee in a second mortgage, procured the corporation to bid at the sale to protect himself from personal liability for a deficiency judgment, though he knew that he had assigned his mortgage, and that the person who owned the same under the assignment was not a party to the action.
>
> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1558; Dec. Dig. § 537.\*]

Appeal from Special Term, Kings County.

Action by the People's Trust Company against George Tonkonogy and others to foreclose a mortgage. From an order denying the application of the Artonbel Realty Company to be relieved from its purchase under the final judgment of foreclosure, it appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

George Tonkonogy, for appellant.
Hugo Hirsh for respondent.

CARR, J. The appellant the Artonbel Realty Company was the purchaser at a sale held under a final judgment of foreclosure of a mortgage described in the complaint and judgment herein. It made a motion at Special Term to be relieved from its purchase on the ground that the title to the premises so sold under the judgment herein was unmarketable.

The defect claimed to exist arose as follows: The mortgage foreclosed was a first mortgage, in which the defendant Tonkonogy was mortgagor, and was made when he had title to the real property. He thereafter conveyed the land to one Isaac Parshelsky, taking back a purchase-money mortgage to himself for the sum of $1,400, which mortgage was duly recorded. No assignment of this second mortgage out of Tonkonogy appeared of record at the time this action was begun, and a notice of pendency thereof filed as provided in section 1670 of the Code of Civil Procedure. The action then proceeded to judgment, and a sale was had under the judgment. The purchaser on this motion to be relieved from its purchase submitted an affidavit showing that Tonkonogy, the second mortgagee, had in fact several years before the beginning of this action assigned his second mortgage to Samuel Sheindelman and Isaac Parshelsky by an assignment in writing which had not been recorded. These assignees of the second mortgage in turn assigned the same to one Moses L. Parshelsky by an assignment in writing, which was duly recorded on December 7, 1907, several years before the beginning of this action. Moses L. Parshelsky was not made a party to this action, and the appellant claims that his rights as mortgagee are unaffected by the judgment, and that the title is therefore unmarketable. In the last instrument of assignment to Moses L. Parshelsky the previous assignment of the second mortgage was recited.

[1] Section 1671 of the Code of Civil Procedure provides in part as follows:

"Where a notice of the pendency of an action may be filed, as prescribed in the last section, the pendency of the action is constructive notice, from the time of so filing the notice only, to a purchaser or incumbrancer of the property affected thereby, from or against a defendant, with respect to whom the notice is directed to be indexed, as prescribed in the next section. A person, whose conveyance or incumbrance is subsequently executed, or subsequently recorded, is bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action."

It has been long settled that under this provision of law an incumbrance executed and delivered before, but not recorded until after, the filing of the notice of pendency of action, is as completely cut off by the judgment as if the holder thereof had been made a party to the action. Ayrault v. Murphy, 54 N. Y. 203.

[2] A sale under a judgment of foreclosure carries title to all rights in the premises so sold which were held by all persons bound by the judgment. The question arises, therefore, whether Moses L. Parshelsky was bound by the judgment herein, as he was not a party to this action and his assignment of the second mortgage was delivered to him and recorded before the filing of the notice of the pendency of action.

[3] A written instrument of assignment of a mortgage is not necessary to the validity of an assignment thereof, as a mortgage may be assigned by mere delivery. Curtis v. Moore, 152 N. Y. 159, 46 N. E. 168, 57 Am. St. Rep. 506.

[4] If a written assignment of a recorded mortgage has been delivered, it is not necessary for the assignee to record the same to pro-

tect himself against a subsequent purchaser of the real property, but such an assignment is necessary if the assignee desires to protect himself from one who takes a subsequent assignment thereof from the same assignor for value and without notice. Curtis v. Moore, ut supra. If Tonkonogy had subsequently assigned this mortgage to some other persons while his former assignment stood unrecorded, and such persons took the subsequent assignment for value and without notice, they would take a good title to the mortgage, unless the recitals in the last assignment of said mortgage to Moses Parshelsky of the prior unrecorded assignment thereof are to be deemed constructive notice under the recording acts as to said unrecorded assignment.

[5] It has been held that such a recital in a recorded instrument as to an unrecorded conveyance is not notice under the recording acts. Todd v. Eighmie, 4 App. Div. 9, 12, 38 N. Y. Supp. 304, and cases cited.

[6] The sale made under the judgment herein carried not only such rights as Tonkonogy actually had in the second mortgage, but likewise transferred such interest therein as he could have transferred to a purchaser for value without notice. Therefore, to one so purchasing under the judgment herein, the title was not unmarketable. This result is necessary if any strength whatever is to be given to notices of pendency of action. Unless it be so held, it will be very difficult, if not impossible, to protect judicial sales against secret infirmities resulting from devious devices.

[7] The appellant, however, asserts a further ground of relief from the sale herein arising from the alleged fact that it is not a purchaser in good faith without notice, and hence cannot take a marketable title under this sale. Tonkonogy, the original second mortgagee, and a defendant in this action, submits an affidavit in which he states that he is the president of the appellant corporation herein, and that he procured his corporation to bid at the sale to protect him from personal liability from a deficiency judgment on the bond which accompanied the mortgage which was undergoing foreclosure herein. He alleges that he well knew that he had assigned the second mortgage, and that the person who owned the same under his assignment was not a party to the action. He further alleges that his knowledge is to be imputed to his corporation, and that, therefore, it cannot be a purchaser in good faith, and should not be obliged to take title. This plea is quite remarkable, but it should fall upon deaf ears. Courts are not to be trifled with in this manner, else they might as well give up judicial sales altogether.

The order should be affirmed, with $10 costs and disbursements. All concur.