[No. 9788.   Department Two.   January 15, 1912.]

SEATTLE NATIONAL BANK, *Appellant*, v. RAEFFAEL ALLY
*et al., Respondents.*[1]

STATUTES—TITLE AND SUBJECTS—RECORDING ACTS — MORTGAGES—
ASSIGNMENTS.  The title of an act to amend a section "concerning
the recording of deeds and mortgages," is broad enough to include
a provision relating to the recording of assignments of mortgages.

RECORDS—OF MORTGAGES—SATISFACTION—ASSIGNMENT—FAILURE TO
RECORD—BONA FIDE INCUMBRANCERS.  Rem. & Bal. Code, § 8800, pro-
viding for the assignment of mortgages and that, after an assign-
ment has been recorded, the assignee may satisfy it of record, author-
izes the record of assignments of mortgages, and thereunder and
under Rem. & Bal. Code, § 8781, providing that all deeds, mortgages,
and assignments of mortgages shall be recorded and shall thereafter
be valid as against *bona fide* purchasers, subsequent *bona fide* in-
cumbrancers may rely upon an unauthorized satisfaction by an
original mortgagee whose assignee had failed to record his as-
signment.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered April 1, 1911, upon findings in
favor of the defendants, foreclosing and determining the
priority of mortgages on real estate.  Affirmed.

*Bausman & Kelleher*, for appellant.

*Benton Embree* and *Farrell, Kane & Stratton*, for re-
spondents.

CROW, J.—This action was commenced by the Seattle Na-
tional Bank, a corporation, against Raeffael Ally, Hattie P.
Walcott, Emma L. Lichtenberg, and American Savings Bank
& Trust Company, a corporation, to foreclose a mortgage on
real estate.   On May 18, 1908, the defendant Raeffael Ally,
a bachelor, executed and delivered to the defendant Hattie P.
Walcott his two promissory notes, secured by a mortgage
on real estate, in the city of Seattle.   The mortgage was re-
corded on May 28, 1908.   On June 5, 1908, Hattie P. Wal-

[1]Reported in 120 Pac. 94.

cott, for a valuable consideration, indorsed the notes and delivered them, with the mortgage, to plaintiff, but did not execute or deliver to it any written assignment of the mortgage. On April 28, 1909, the defendant Walcott, without the knowledge, authority, or consent of plaintiff, executed and delivered to the defendant Ally a written release of the mortgage, which release was filed for record on June 11, 1909.

On the date last mentioned, June 11, 1909, Ally executed and delivered to the defendant Lichtenberg his note for $2,500, secured by his mortgage on the same real estate, which was recorded on the date of its execution. Theretofore, to wit, on April 27, 1909, Ally had executed and delivered to the defendant Walcott his note for $1,350.62, secured by mortgage on the same real estate, which mortgage was filed for record on June 11, 1909. The note and mortgage last mentioned were, on June 30, 1909, and before the maturity of the note, assigned to the defendant, the American Savings Bank & Trust Company, which thereafter held the same in due course without notice and for value. The last mentioned assignment was recorded on July 2, 1909.

The trial court entered a decree of foreclosure, by which it was adjudged that the mortgages of Emma L. Lichtenberg and the American Savings Bank & Trust Company were prior liens to the lien of plaintiff's mortgage. The plaintiff has appealed.

The only question presented is whether appellant's mortgage should have been decreed a prior lien to those of respondents. There is no dispute between respondents as to their respective priorities. The appellant bank held title to its notes and mortgage by indorsement and delivery without any written or recorded assignment. Without its consent, the mortgage was released of record by Walcott, the original mortgagee, who then held the record title. No payment of appellant's notes has been made by Ally, the mortgagor, or by any other person. As against the defendant Ally, appel-

lant has not been deprived of its right to enforce its notes and mortgage lien. Respondents acquired their liens in good faith, relying on the record of the release of appellant's mortgage, which had been executed by Walcott, the original mortgagee. The release was fraudulent, but did its execution and record protect respondents in the priorities awarded them by the trial judge? Appellant claims it did not, and in support of its position contends that chapter 5, Laws of 1897, page 5, upon which respondents rely, and which requires the record of assignments of mortgages, is void under § 19, art. 2, of the constitution, by reason of the insufficiency and misleading character of its title. The title and act read as follows:

"An act to amend section 1439 of volume one of the General Statutes and Codes of the State of Washington, arranged and annotated by William Lair Hill, concerning the recording of deeds and mortgages.

"Be it enacted by the Legislature of the State of Washington:

"Section 1. That section 1439, volume one, of the General Statutes and Codes of the State of Washington, arranged and annotated by William Lair Hill, be and the same hereby is amended so as to read as follows: Section 1439. All deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against *bona fide* purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world." Rem. & Bal. Code, § 8781.

Under this title, appellant insists the only theory upon which validity of the act, in so far as it applies to the record of the assignments of mortgages, can be supported is, to hold that the word "mortgages" includes "assignments of mortgages," within its meaning. Appellant further contends such a construction cannot be adopted, as this court in *Howard v. Shaw*, 10 Wash. 151, 38 Pac. 746, and *Fischer v. Woodruff*, 25 Wash. 67, 64 Pac. 923, 87 Am. St. 742, in substance and effect held that the words "deeds and mort-

gages" did not and cannot include assignments of mortgages.

From an examination of the cases mentioned, it becomes apparent that the sufficiency of the title of any act was not under consideration. Our holding in effect was that the exclusive use of the specific words, "deeds and mortgages," in the body of a recording act did not include other instruments not mentioned. We did not hold, nor was it intended to hold, that an exclusive use of the words, "deeds and mortgages," in the title of an act, would preclude the legislature from providing in the body of the act that assignments of mortgages shall be recorded. We were passing upon the effect of an omission of, "assignments and mortgages," from the body of the act. No reference was made to the title. Section 19 of art. 2 of the constitution must be reasonably construed. Its manifest purpose was to prohibit the enactment of any statute which contained matters not within the legitimate scope of the title, nor germane thereto.

In *State ex rel. Zent v. Nichols*, 50 Wash. 508, 97 Pac. 728, citing numerous authorities, we said:

"This court has often held that the title of an act, in order to comply with the constitutional provisions above quoted, need not be an index to the contents of the act; that the purpose of the title is to call attention to the subject-matter of the act so that any one reading it may know what matter is being legislated upon, and it is sufficient when it is broad enough to accomplish that purpose. For the various provisions constituting the act, the body of the act must be consulted, the title being neither expected nor required to give details."

An evident purpose of the act under consideration, as expressed in its title, is to provide for a record which shall disclose the owner of a mortgage lien. There can be no question but that the act rightfully provides for the record of an original mortgage as evidence of the lien held by the mortgagee. A written assignment of the mortgage, properly executed and acknowledged, transfers such lien to the assignee, who thereupon succeeds to all the rights, legal and

equitable, of the original mortgagee, and for all practical purposes becomes the mortgagee.   The record of such an instrument of assignment is certainly cognate to the record of the mortgage itself.   The substantial effect of recording the assignment is to so extend the record of ownership of the original mortgage that the assignee may and will be protected in all his rights as successor to the mortgagee.   To hold that the requirement for the record of an assignment of a mortgage was not within the scope of the title, or that it is so foreign thereto as to render the act unconstitutional and void, would impose upon the legislature a limitation and restriction in the enactment of statutes not contemplated by the constitution.   The statute must be sustained.   The appellant failed to take or record an assignment of its mortgage, and the original mortgagee holding the record title released its lien.   Respondents relying upon such recorded release, acquired their liens for value in good faith, and must be protected against appellant's claim to a prior lien.

Subsequently to the decision of this court announced in *Howard v. Shaw, supra*, the legislature of 1897 not only enacted the statute above considered, but also enacted chapter 23, page 23, Laws of 1897, relating to assignments and satisfaction of mortgages, the first section of which reads as follows:

"Section 1.   Any person to whom any real estate or chattel mortgage is given, or the assignee of any such mortgage, may, by an instrument in writing, by him signed and acknowledged in the manner provided by law entitling mortgages to be recorded, assign the same to the person therein named as assignee, and any person to whom any such mortgage has been so assigned, may, *after the assignment has been recorded in the office of the auditor of the county wherein such mortgage is of record,* acknowledge satisfaction of the mortgage, and discharge the same of record." Rem. & Bal. Code, § 8800.

The words we have italicized clearly contemplate and authorize the record of assignments of mortgages.   Respond-

ents contend this statute, as well as chapter 5, *supra,* protects them in their claim of priority. In support of their position they cite *Gottstein v. Harrington,* 25 Wash. 508, 65 Pac. 753; *Christenson v. Raggio,* 47 Wash. 468, 92 Pac. 348, and *Summy v. Ramsey,* 53 Wash. 93, 101 Pac. 506. This statute, chapter 23, and the cases cited, sustain their contention. In *Gottstein v. Harrington, supra,* we said:

"It is provided in the act of February 25, 1897, entitled 'an act relating to assignments and satisfaction of mortgages,' that any person to whom any real estate or chattel mortgage is given, or any person to whom any such mortgage has been assigned in the manner provided therein, and who has recorded the assignment in the office of the auditor of the county wherein such mortgage is of record, may acknowledge satisfaction of the mortgage, and discharge the same of record. Laws 1897, p. 23; Bal. Code, § 4565. It would seem from the above provision of the statute that the respondents were not legally bound to look beyond the records in the office of the county auditor for assignments of the mortgage there of record, and that they had a perfect right to presume that no such assignment had been made."

In *Christenson v. Raggio, supra,* we said:

"The appellant further contends that it was the duty of the respondents when they purchased the property and learned that the mortgage was unsatisfied, to have ascertained who was then the owner and holder of the note; that where a mortgage secures a negotiable promissory note, a mortgagor or subsequent parties dealing with the title are chargeable with notice that such note may have been transferred; that if they make payment without requiring its production, they do so at their peril, and that in case the note has been assigned, the payments so made afford no protection as against the assignee and holder of the note. They were purchasing the property from Averill Beavers to whom they paid its full value. They were under no obligation to ascertain who then held the note. Prior to the enactment of Bal. Code, § 4565 (P. C. § 6557), and in the absence of any act authorizing or requiring the record of an assignment of a mortgage, this court, in *Howard v. Shaw,* 10 Wash. 151, 38 Pac. 746, in substance announced

the doctrine for which appellant now contends. See, also, *Fischer v. Woodruff*, 25 Wash. 67, 64 Pac. 923, 87 Am. St. 742. In chapter 23 of the Laws of 1897, at page 23, the legislature, however, enacted Bal. Code, § 4565, *supra*. Since then any person to whom a mortgage has been assigned has been authorized, after record of his assignment in the office of the auditor of the proper county, to acknowledge satisfaction and discharge the mortgage of record. This is exactly what the defendant MacKay did under the authority of his recorded assignment, and the respondents having ascertained that his assignment had been recorded, and that he had entered satisfaction, before they made any payment of purchase money to their vendor, they are now protected against any lien claimed by the appellant who failed to record his assignment for a period of more than five years."

So here, the respondents were not making payment to Walcott of the note and mortgage now held by appellant; but for a valuable consideration were acquiring liens upon real estate originally incumbered by appellant's mortgage. In so doing, they relied upon the recorded release executed by Walcott. Appellant insists the statute last mentioned, chapter 23, has no application to the facts in this case, and in its reply brief, says:

"A mere reading of this act makes it perfectly apparent that respondents, who claim under a satisfaction executed, not by an assignee, but by an original mortgagee, can claim nothing under it. But they seek to claim under it, and rely on an unguarded expression of the court in one case: *Gottstein v. Harrington*, 25 Wash. 509. And on two cases: *Christenson v. Raggio*, 47 Wash. 468, and *Summy v. Ramsey*, 53 Wash. 93, which only concern satisfactions executed by assignees—a class plainly covered by the statute printed above [chapter 23]."

The logical result of appellant's argument would seem to be that the mortgage could not be released by Walcott because she no longer owned the notes which it secured, and that it could only be released by an assignee who had obtained and recorded an assignment properly executed. Ap-

pellant did not protect itself by obtaining and recording an assignment and, according to its contention, could not release the mortgage under authority of the statute last cited. Hence, the only result of its interpretation of the statute would be that as the mortgage could not be released either by Walcott or itself, it could not be released at all, so as to protect parties who in good faith might acquire subsequent liens. The language quoted from the opinions cited was not inadvertently used, but whether it was or not, it can be appropriately applied to the facts of this case.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and ELLIS, JJ., concur.