[No. 17017.  Department Two.  March 20, 1922.]

GEORGE H. MILLER, *Appellant*, v. HANS L. FRYBERG *et al.*,
*Defendants*, FARRELL LUMBER COMPANY *et al.*,
*Appellants*, AMERICAN SAVINGS BANK
AND TRUST COMPANY, *Respondent.*[1]

MECHANICS' LIENS (71)—PRIORITY—MORTGAGES. A mortgage
given to a contractor for the price of a house to be built on the
premises has priority over claims for liens for materials furnished
to the contractor after the recording of the mortgage, as provided
by Rem. Code, § 1132, even though the mortgage was assigned and
the assignment was not recorded as required by Id., § 8781 [Rem.
Comp. Stat., § 10596].

MECHANICS' LIENS (71)—MORTGAGES (89)—PRIORITY—ASSIGNMENT
OF MORTGAGE—RECORDING. Notwithstanding Rem. Code, § 8781, re-
quiring assignments of mortgages to be recorded, the failure to
record the assignment of a mortgage, given to a contractor for the
price of a building to be constructed on the premises in considera-
tion of which the contractor agreed to pay all labor and material
liens, does not subordinate the mortgage to a materialman's lien
for material furnished to the contractor upon his false representa-
tions that he was still the owner of the mortgage and would pay for
the material out of the proceeds of the mortgage (HOVEY, J., dis-
senting).

Appeal from a judgment of the superior court for
King county, Abel, J., entered July 29, 1921, in favor
of the defendant bank, decreeing the priority of a
mortgage over mechanics' liens, in an action to fore-
close a mechanics' lien, tried to the court. Affirmed.

*Hadley & Hadley*, for appellant Farrell Lumber
Company.

*Milo J. Loveless*, for appellant George H. Miller.

*Henry Clay Agnew*, for appellant Burton Dinsmore.

*Farrell, Kane & Stratton*, for respondent.

HOLCOMB, J.—Fryberg and wife, being the owners
of the real estate involved herein, in King county,

[1]Reported in 205 Pac. 388.

Washington, and desiring to construct a dwelling house thereon, made, executed and delivered to W. J. Byrne their note for $2,300, payable five years after date, and a first mortgage upon the real estate, maturing five years after date, which instruments were dated February 27, 1920. In consideration of the note, and mortgage securing the same, Byrne gave Frybergs no money, but agreed to construct the dwelling, and from the money represented by the note and mortgage, pay for all labor and material furnished and used in the construction of the house.

The mortgage was recorded in the office of the auditor of King county on March 10, 1920. Prior thereto, Byrne had entered into an agreement with the McGillvray Building Company, one of the defendants herein, for the construction of the dwelling house, and it proceeded with the construction, but had done nothing prior to the recording of the mortgage. On March 8, 1920, Byrne assigned the note and mortgage given him by Fryberg and wife to respondent, American Savings Bank and Trust Company, a banking corporation, together with other notes and a mortgage received by Byrne from another, receiving the full amount of this mortgage in consideration of the assignment of the notes and mortgages. The bank failed to record its assignment of the mortgage until December 2, 1920. The McGillvray Building Company, after it proceeded with the construction of the dwelling house, purchased lumber to be used therein from appellant Farrell Lumber Company about March 24, 1920, and which lumber was used in the construction of the building.

The Farrell Lumber Company investigated the title to the property prior to commencing to furnish the materials and discovered the mortgage from Fryberg and wife to Byrne of record, and thereupon refused to furnish lumber to be used in the construction of the build-

ing. Thereupon Byrne went to the office of the lumber
company and stated that he held the mortgage upon
the premises; that the mortgage was given for the
purpose of securing funds to construct a dwelling
house thereon, and that he had advanced no money to
the Frybergs, but intended to use the fund represented
by the note and mortgage to pay claims for labor and
materials; and to that effect, on March 25, 1920, Byrne
addressed and delivered a letter to the Farrell Lum-
ber Company in which he stated that he had made a
building loan upon the Fryberg property, describing it,
and that he would be pleased to deduct and pay to the
Farrell Lumber Company, out of the first mortgage,
the amount of its bill, stating that the lot was clear
and his mortgage was put thereon for the purpose of
advancing money to build, and that he owned the mort-
gage. Upon receipt of this letter, and on March 26,
1920, the lumber company proceeded with the delivery
of the lumber required to be used in the construction
of the building, and ceased to furnish material on June
26, 1920, having furnished a total of the value of
$1,446.95, upon which Byrne had paid the sum of $500,
and after deducting certain credits, the lumber com-
pany's claim amounted to $821.90.

The other lien claimants herein were in the same
condition as the Farrell Lumber Company, except that
the Farrell Lumber Company had refused to deliver
materials until it had a written agreement from the
mortgagee of record that he would pay its bill. No
labor or material was furnished prior to the execution
and recording of the mortgage given by the Frybergs
to Byrne. None of the lien claimants had notice of
the assignment of the mortgage from Byrne to the
American Savings Bank & Trust Company prior to
their furnishing of the labor and materials.

On July 20, 1920, appellant Miller commenced his action to foreclose his lien, which had been previously filed, and filed a *lis pendens* on the property of defendants Fryberg.

After the filing of the assignment of the mortgage from Byrne to the American Savings Bank & Trust Company, the Farrell Lumber Company, which was an intervener in the Miller action to foreclose liens, brought in the American Savings Bank & Trust Company as a defendant. It filed its answer and cross-complaint, setting up the assignment of the Fryberg note and mortgage from Byrne to it on March 10, 1920, as collateral to secure the payment of a note of $3,800 executed by Bryne to the bank, and prayed for foreclosure of the Fryberg note and mortgage as a prior lien upon the property. To this answer and cross-complaint, issue was made, setting up the facts as hereinbefore stated, and on the trial of the cause, judgment was entered whereby the mortgage executed by the Frybergs to Byrne and assigned to the American Savings Bank & Trust Company by Byrne was decreed to be a prior lien upon the premises described, and foreclosed as such. Judgment was granted for the full face of the note, together with interest and attorney's fees, and provided for a deficiency. Appellants were each given judgment for the full amount of their liens, with costs and attorney's fees, in the order of priority, but were each adjudged junior and subsequent to the judgment of the American Bank & Trust Company as assignee of the Byrne mortgage.

It is shown that the American Savings Bank & Trust Company took the note and mortgage long before maturity, and in good faith, and that it had no knowledge of any infirmity or agreement of any kind attached to it that would destroy or affect its negotiability. It is further shown that the dealings had by the bank with

Byrne up to the time and after this loan was made were entirely satisfactory, and no question or trouble had ever developed in any prior business transactions, and that there was nothing connected with this loan to warn the bank in any way of any infirmity or indicate that it was not a *bona fide* transaction.

Appellants urge as error the adjudication of the American Savings Bank & Trust Company assigned mortgage to be a prior lien to that of appellants; and in granting the judgment to the American Savings Bank & Trust Company for the full amount of the Fryberg note and mortgage, refusing to apportion the amount to be recovered by it between the Fryberg note and another note held as collateral along with the Fryberg note.

It is the contention of appellants that, by failing to file its assignment, which would have given notice to materialmen and mechanics that it had acquired Byrne's interest in the Fryberg note and mortgage, the bank permitted Byrne to record the mortgage and defraud the lien claimants by dealing with them as the owner of the mortgage, and that the bank lost its priority as against the subsequent lien claimants by reason of § 8781 Rem. Code (P. C. § 1914). That section is as follows:

"All deeds, mortgages and assignments of mortgages shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against bona fide purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world." [Rem. Comp. Stat., § 10596.]

We held in *McDonald & Co. v. Johns*, 62 Wash. 521, 114 Pac. 175, 33 L. R. A. (N. S.) 57, that the above statute should be considered to mean *bona fide* mortgagors or incumbrancers as well as *bona fide* purchas-

ers, and provided protection for all such subsequent to the given conveyance or mortgage; and held in the same case that the statute quoted imposed upon any given mortgagee the duty of making a public record of his mortgage for the information and guidance and protection of those who, at a subsequent time, may have occasion to deal concerning the land, failing in the discharge of which duty, he shall lose the priority otherwise to be accorded to him.

Appellants therefore insist that the statute cited applies to the assignment as well as to the mortgage itself. *Seattle National Bank v. Ally,* 66 Wash. 610, 120 Pac. 94, is quoted and strongly relied upon as being to that effect. That case dealt with the subsequent release of a mortgage duly recorded, rather than an assignment. The mortgagee in that case, for a valuable consideration, sold and indorsed the notes and delivered them, with the mortgage, to the transferee, but did not execute or deliver to the transferee any written assignment of the mortgage. Thereafter, and without the knowledge, authority or consent of her transferee, she executed and delivered to the promisor and mortgagor, Ally, a written release of the mortgage, and the release was filed for record. On the same day the release was filed, Ally executed and delivered to another his note secured by a mortgage upon the same real estate, which was recorded on the date of its execution. The Seattle National Bank, which held the mortgage first executed by Ally, which had been satisfied of record by the mortgagee, brought suit to foreclose the mortgage upon its assignment. The court entered a decree of foreclosure and adjudged that the mortgages of Lichtenberg and others were liens prior to that of the Seattle National Bank.

Under the situation shown in that case, there is no doubt that the decision was correct, but it does not

apply to the situation in this case. There the trans-
feree of the notes took no assignment of the mortgage
which it could have recorded, and did not have it in
its power, as between it and the mortgagor, to prevent
the mortgagee from subsequently releasing or assign-
ing the same mortgage of record. When other intend-
ing incumbrancers examined the record, they found
that the mortgage to the national bank, which had once
been a lien upon the property, had been satisfied and
released, and upon the strength of that record a new
mortgage was given as a first lien upon the property
to another mortgagee, and another mortgage given as
a second lien to another mortgagee, both of whom were
absolutely innocent parties and parted with valuable
consideration. In the case at bar, any one dealing with
the Frybergs or with the real estate in question and
examining the record would find Byrne's mortgage of
record. They would find that the lien of the mortgage
was ahead of any lien which they could obtain. They
obtained no interest in the mortgage and had done
nothing in the way of furnishing materials or labor
prior to the recording of the mortgage which would
give them priority under our lien statutes. Our lien
statutes in Rem. Code, § 1132 (P. C. § 9709), provided
that mechanics' and materialmen's liens shall be
". . . preferred to any lien, mortgage or other in-
cumbrance which may have attached previously to that
time, and which was not filed or recorded so as to
create constructive notice of the same prior to that
time, and of which the lien claimant had no notice."
Here the Byrne mortgage had been recorded prior to
the furnishing of any labor or materials, and the lien
claimants had constructive notice of it. The Farrell
Lumber Company had both constructive and actual
notice of it. It is claimed that it is in a different posi-
tion from the other appellants because of the letter

which Byrne gave it promising to pay it out of the proceeds of the mortgage; but we think it is in no better position than any of the other claimants. It obtained no assignment of the mortgage which it could hold as against the bank's unrecorded assignment. The letter, in fact, was simply a promise to pay out of the proceeds of the mortgage, and the lumber company must have been expecting to obtain its pay out of such proceeds, but from Byrne, not from the bank.

The law is well settled that:

"Priority once obtained cannot be lost. The registry of a deed or mortgage is equivalent to a notice of it to all persons who may subsequently become interested in the property, and fully protects the grantee's rights. A mortgage having once obtained priority by record does not lose its place by being held by anyone under an unrecorded assignment. And although the mortgagee had notice of a prior unrecorded mortgage, or there are equities such that his own mortgage is in his hands subject to them, yet if he assigns his mortgage for a valuable consideration to one who has no notice of the earlier mortgage or of such equities, the assignee is entitled to hold the mortgage as a prior lien upon the land, solely upon the ground that it was first recorded. . . .

"This precedence follows them through any subsequent transfer, or through any proceedings to enforce the liens . . ." Jones on Mortgages (7th ed.), § 525, p. 828.

To the same effect are the following authorities: *Curtis v. Moore,* 152 N. Y. 159, 46 N. E. 168, 57 Am. St. 506; *Peoples Trust Co. v. Tonkonogy,* 144 App. Div. 333, 128 N. Y. Supp. 1055; *Nashua Trust Co. v. Edwards Manufacturing Co.,* 99 Iowa 109, 68 N. W. 587, 61 Am. St. 226; 19 R. C. L., § 131, pp. 361, 362.

(It may be observed that we do not concur with all the reasoning and statements in the Iowa case above cited, for that court there held that lienors and incum-

brancers could not be considered as purchasers for value without notice; while we held that they are entitled to protection as purchasers, as heretofore stated.)

We are bound to conclude that the judgment and decree of the trial court was correct, and it is affirmed.

PARKER, C. J., MAIN, and MACKINTOSH, JJ., concur.

HOVEY, J. (dissenting)—I dissent. When the legislature included assignments of mortgages in the recording statute they should be deemed to have intended the recording of these instruments to have the same effect as the recording of the other instruments named in the act. The recording of an assignment is not alone for the benefit of the holder but is also for the protection of other persons who deal with property. As long as the record shows the original mortgagee to be the owner, third persons dealing with the property should be justified in so treating him. In *Seattle National Bank v. Ally*, 66 Wash. 610, 120 Pac. 94, the holder of the instruments had failed to take an assignment, but so far as third persons were concerned, the holder was in no different position than the holder in this case. In fact, this holder was more negligent because it had an assignment and failed to record it. It seems to me that the statute is clearly against the respondent, and the equities are even more so, as in this case the mortgaged property has been improved and the security increased as a result of the negligence of the respondent, and it is permitted to profit by its own failure to comply with the provisions of the statute which says "assignments of mortgage shall be recorded."