■ FGB REALTY ADVISORS, INC., Formerly Known as FIRST GIBRALTAR REALTY ADVISORS, INC., Respondent, v NORM-RICK REALTY CORP. et al., Appellants, NEW YORK CITY DEPARTMENT OF FINANCE et al., Respondents, and HOME BUYERS OF AMERICA, INC., Intervenor-Respondent. [642 NYS2d 696] —In an action to foreclose a mortgage, the defendants Norm-Rick Realty Corp. and Ricardo Diaz appeal (1) from an order of the Supreme Court, Queens County (LeVine, J.), dated December 9, 1994, which denied their motion to vacate a judgment of foreclosure entered upon their default, and (2) as limited by their brief, from so much of an order of the same court, dated April 25, 1995, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated December 9, 1994, is dismissed, as that order was superseded by the order dated April 25, 1995, made upon reargument; and it is further,

Ordered that the order dated April 25, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the intervenor-respondent is awarded one bill of costs.

Contrary to the appellants' contentions, the court did not err in denying their motion to vacate the default judgment of foreclosure. The record establishes that the foreclosed premises were solely owned by the corporate defendant, Norm-Rick Realty Corp., which was properly served in accordance with the requirements of Business Corporation Law § 306. While the appellants contended that the corporation never received notification because its agent for receipt of process had moved her office several years earlier without having notified the Secretary of State of her new address, this is a breach of the corporate defendant's responsibility which does not constitute a reasonable excuse for purposes of vacating a default judg-

ment (see, Cedeno v Wimbledon Bldg. Corp., 207 AD2d 297; Associated Imports v Leon Amiel Publ., 168 AD2d 354; Tremont Fed. Sav. & Loan Assn. v Ndanusa, 144 AD2d 660; Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621).

Nor have the appellants otherwise demonstrated that they possess a meritorious defense. Contrary to the appellants' contentions, an action to foreclose a mortgage clearly affects title to real property (see, RPAPL 1353; People's Trust Co. v Tonkonogy, 144 App Div 333). Accordingly, pursuant to the express terms of CPLR 3215 (g) (3) (iii) and (4) (iii), the notice provisions of CPLR 3215 (g) (3) and (4) are inapplicable to this case. Therefore, the default judgment of foreclosure is not subject to vacatur for lack of advance notice. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.