# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

THE HOME SAVINGS AND STATE BANK *et al.*

*v.*

THE PEORIA AGRICULTURAL AND TROTTING SOCIETY.

*Opinion filed December 16, 1903.*

1. REAL PROPERTY—*bona fide purchaser is protected against unknown equities.* A *bona fide* purchaser from the holder of the legal title having no actual notice of a written but unrecorded declaration of trust from the holder of the legal title to his grantor, is entitled to protection as against the equities of the latter.

2. SAME—*when legal title is subject to levy and sale.* One vested with the legal title to land for the purpose of platting the land and making conveyances to purchasers, even though he executed a written declaration of trust to his grantors which was not recorded, has a title which is subject to levy and sale on a judgment against him, obtained in good faith and without notice of the alleged trust.

3. NOTICE—*when deed is not constructive notice of trust.* A warranty deed purporting to convey the fee for a consideration of one dollar, and which recites that it is made in pursuance of a resolution of the board of directors of the corporation grantor, is not constructive notice that the conveyance was in trust for the corporation.

4. SAME—*when bank is not chargeable with personal knowledge of the director.* The fact that a director in a bank, when negotiating for the purchase of a lot for himself, learned that the title was held in trust, does not, of itself, charge the bank with notice, so as to defeat its levy and sale of the land on its judgment against the holder of the legal title.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

DAN F. RAUM, for plaintiffs in error.

W. T. WHITING, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in equity filed in the circuit court of Peoria county, in which the defendant in error seeks to have set aside two sheriff's deeds issued to the plaintiffs in error.

The facts are as follows: The defendant in error was desirous of subdividing a certain tract of land into lots and selling the same to raise money to carry out the object for which the association was organized. It was the owner of one of the three pieces of land constituting said tract, and by its warranty deed, for a consideration of one dollar, conveyed the same to one John B. Samuel. The other two pieces of the tract were purchased by the association and by its directions also conveyed to the said Samuel. The three deeds of conveyance were absolute, without any limitations or conditions whatever appearing upon the face of any of them, and conveyed the fee simple title to the grantee, John B. Samuel. After these deeds of conveyance had been made the land was divided into lots, known as the "fair ground subdivision," and on May 15, 1895, the plat of said subdivision was filed for record in the recorder's office of Peoria county, which plat was executed and acknowledged by the said Samuel, as proprietor and owner. On the same day, he executed his declaration of trust, in writing, to the association, in which he certified that he held the title of record, in his name, to the lots described in the fair ground subdivision in trust for the Peoria Agricultural and Trotting Association, but this declaration of trust was never filed for record. As to plaintiffs in error it never took effect,

unless the evidence shows that they had actual notice of its existence. (1 Starr & Cur. Stat. 1896, chap. 30, sec. 31, p. 944; *Robbins* v. *Moore*, 129 Ill. 30.) In that case we said (p. 43): "The law is well settled that a *bona fide* purchaser of the legal estate will be protected against the prior equitable title of another, of which he had no notice. (2 Pomeroy's Eq. 740.) This court has frequently announced this rule and applied it." And again, on page 44: "So a purchaser of land who has no notice that his grantor's deed is but a mortgage will be protected,"— citing *Jenkins* v. *Rosenberg*, 105 Ill. 157. So, although the grantor in a deed may hold the legal title in trust for another, a third person may acquire the title from the trustee if he has no notice of the trust and acts in good faith. (*Emmons* v. *Moore*, 85 Ill. 304; 2 Pomeroy's Eq. 770. See, also, *Peck* v. *Arehart*, 95 Ill. 113; *McDaid* v. *Call*, 111 id. 298; *Bradley* v. *Luce*, 99 id. 234.) It is not claimed that there was any actual possession of the property in question by the defendant in error. As lots were sold Samuel executed deeds of conveyance to the purchasers, and if all the purchase price was not paid in cash he took mortgages, as trustee, for the deferred payments.

On April 28, 1898, the plaintiffs in error recovered a personal judgment against the said Samuel for $1066.50, upon which judgment execution was duly issued, and on April 14, 1899, regularly levied by the sheriff of Peoria county upon all the right, title and interest of the said John B. Samuel in and to the lots in controversy in this case, and by virtue of said levy, on June 7, 1899, all of the right, title and interest of said John B. Samuel in and to said lots was sold to the plaintiffs in error herein and a certificate of purchase issued therefor. On April 28, 1899, one Charles E. Ulrich, one of the officers of the plaintiff in error bank, sued out a writ of attachment against the said Samuel, and levied the same upon all of the right, title and interest of the said Samuel in and to certain other of the lots in controversy. A judgment

was obtained, special execution issued, and all of the right, title and interest of the said John B. Samuel in and to said lots was sold and the certificate of purchase afterwards assigned to the plaintiffs in error herein, and, the equity of redemption having expired upon both sales, the sheriff executed to the plaintiffs in error his deeds for said lots, which said deeds specifically stated that they conveyed all the right, title and interest of the said John B. Samuel.    On March 1, 1901, the defendant in error filed this its bill for relief, and upon the hearing the court decreed that at the time of the levy and sales made by said sheriff the said Samuel had no right, title or interest in said lots in the fair ground subdivision, except as trustee, and that said interest of said Samuel was not subject to levy and sale under said executions, and that the plaintiffs in error acquired no title or interest in said lots by virtue of said sales and said certificates and deeds, and that said sheriff's deeds were clouds upon the title of said defendant in error, and they were accordingly set aside and declared null and void.    From this decree a writ of error has been prosecuted to this court.

In support of the decree as entered by the circuit court the defendant in error claims that under the declaration of trust as made by Samuel, and under the deeds of conveyance to him, a mere dry or naked trust was created, and by reason of such dry trust the legal title to the land never vested in the said Samuel at all, but went instantaneously to the *cestui que trust* as soon as the use was declared, and for this reason, at the time of the sale by the sheriff the said Samuel had no right, title or interest in said lots in question, and that the sheriff's deeds did not give plaintiffs in error any title.    We are of the opinion that this claim of defendant in error is not sustained by the law under the evidence in this record. (*Robbins* v. *Moore, supra.*)    Conceding that, as between defendant in error and Samuel a dry trust was created, it

does not follow that innocent purchasers or judgment creditors without notice are concluded thereby. As to such purchasers or creditors the right, title and interest of John B. Samuel was the absolute fee simple title. From time to time, as the lots were sold, he made deeds conveying the fee to the purchasers, receiving mortgages to secure deferred payments. It is not disputed that he was vested with the legal title for the purpose of making these conveyances. If the contention of defendant in error is correct, then there was no title in him at the time of such conveyances and his deeds conveyed no title whatever to purchasers. If he was vested with sufficient title to make conveyances to the purchasers he was also vested with the title to be subject to a sale on a judgment against him, obtained in good faith and without any notice of the alleged trust.

It is contended, however, that plaintiffs in error had notice of such trust, and three reasons are given for such contention: First, because the conveyance from defendant in error to Samuel was by a warranty deed, for a stated consideration of one dollar, which contained the following recital: "This conveyance is made and executed pursuant to a resolution of the board of directors of the Peoria Agricultural and Trotting Society;" second, for the reason that at a meeting in the city hall in Peoria, of citizens and contract holders, the lots were allotted to the purchasers, which meeting was so public in its nature as to constitute notice to plaintiffs in error; third, for the reason that one Fred L. Block, who was vice-president of the Schipper & Block Dry Goods Company and at the time a director of the plaintiff in error bank, negotiated with defendant in error for the purchase of a lot, and thereby learned that it owned said lots. We do not think any of these reasons are sufficient to charge plaintiffs in error with notice of the alleged trust, either actual or constructive. The deed in question does not show that the conveyance was less than a

conveyance of the fee. Nor do we think that the meeting referred to even tends to prove a trust relation between the parties. There is nothing in the evidence tending to show that any of the officers of the plaintiff in error bank were at the public meeting claimed to have been held in the city hall, or that they had any notice thereof. It can scarcely be contended that every citizen in a city like Peoria is charged with notice, etc. There is no presumption of law that the director, Block, communicated to plaintiffs in error any knowledge he may have had as to the character of Samuel's title, and he was under no legal obligations so to do. (4 Thompson on Corporations, secs. 5204, 5219, 5221.)

From a careful examination of all the evidence we are of the opinion that it entirely fails to show notice to plaintiffs in error, either actual or constructive. For over three years defendant in error permitted the fee simple title to appear of record in Samuel. The declaration of trust, as already stated, was never placed upon record, and there is no claim that it was ever brought to the knowledge of plaintiffs in error; nor is there evidence of notice to them, of any kind or character, of the conditions or circumstances under which he, Samuel, held the title to the premises. We are therefore of the opinion that the said Samuel, at the time of the levy and sale under said executions, held the title of said lots, and that the same were subject to levy and sale, and that by reason of such sales and said deeds the plaintiffs in error acquired title to the lots in controversy, and that for this reason the circuit court had no power or authority to set aside said deeds.

For the reasons above stated the decree of the circuit court will be reversed, and the cause will be remanded for further proceedings in accordance with the opinion herein expressed.    *Reversed and remanded.*