[No. 15886.  Department One.  July 28, 1920.]

ALBERT ERICKSON, *Respondent*, v. SARAH KENDALL, *Appellant*.[1]

MORTGAGES (95) — ASSIGNMENTS — PAYMENT TO AND RELEASE BY ASSIGNOR—FAILURE TO RECORD ASSIGNMENT. Since the enactment of Rem. Code, § 8781, requiring the recording of assignments of mortgages, a *bona fide* purchaser of the property who assumed the mortgage is not bound to take notice of an unrecorded assignment of a mortgage which he had assumed and agreed to pay.

SAME. Where an assignee of a note and mortgage failed to record the assignment and appointed the mortgagee as her agent. to collect the interest and several times authorized the mortgagee to extend the time for payment during a period of nine years, the assignee, as the one of two innocent parties who must suffer, is estopped to assert as against a *bona fide* purchaser of the property that the mortgagee had no right to collect the principal and agree to satisfy the mortgage of record.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 7, 1920, in favor of the plaintiff, in an action to cancel a mortgage, tried to the court.  Affirmed.

*Roberts & Skeel* and *J. J. Geary,* for appellant.
*Milo J. Loveless,* for respondent.

HOLCOMB, C. J.—On June 28, 1910, Harley H. Wells and wife, being then the owners of lot 22, block 9, Madison Park addition to Seattle, borrowed $750 from one P. C. Ellsworth.  To secure the indebtedness, evidenced by a note, they gave Ellsworth a mortgage on the property.  This mortgage, which was payable two years after date, or June 28, 1912, was recorded on July 1, 1910.  On July 8, 1910, Ellsworth assigned the mortgage to Dr. Sarah Kendall, which assignment was not recorded until nearly nine years later, or Febru-

[1]Reported in 191 Pac. 842.

ary 21, 1919. On September 27, 1911, plaintiff purchased the property from Wells and wife, the consideration being $1,600, $850 of which was payable in monthly payments, the grantee to assume the mortgage of $750. Ellsworth at this time informed Erickson that he was the owner of the mortgage. From the date of the maturity of the mortgage debt, Erickson asked and secured of Ellsworth several extensions of the mortgage, final payment being made by Erickson to Ellsworth on January 8, 1919, when Ellsworth gave Erickson a receipt showing payment in full of the mortgage, and written on the receipt were the words "To be satisfied of record." He also assured Erickson at that time that the mortgage would be satisfied of record within ten days. On February 19, 1919, Ellsworth went into bankruptcy, and two days later Dr. Kendall filed of record her assignment of the mortgage.

Plaintiff brought this action for satisfaction and cancellation of the mortgage, on the theory that payment had been made to Ellsworth. From the judgment of the court in favor of plaintiff, defendant has appealed.

From the evidence it appears that respondent did not know that the mortgage had been assigned to appellant. It further appears that Ellsworth was the trusted agent of appellant, who had from time to time invested a considerable amount of money in real estate mortgages through him; that she received payments of interest through him, and had in a number of instances received payment of the principal of other mortgages through him. Appellant admits that, in every case, she took possession of the note, mortgage and assignment; that, when a mortgage would become due her, Ellsworth, as her agent, would notify her that

the debtor was about to pay, and she would then go to his office with the note, mortgage and assignment and deliver those papers, together with formal satisfaction of the mortgage, to Ellsworth, upon receiving payment either in money or in the form of a new mortgage. No part of the principal of the mortgage in question was ever paid by Ellsworth to appellant.

When respondent bought the property in September, 1911, he caused an abstract of title to be prepared and had it examined by a firm of attorneys, who informed him that their examination of the abstract disclosed that title to the property was at that time in Harley H. Wells, and that it was subject to the mortgage of Ellsworth and certain special assessments. In having the title searched, respondent did all that the ordinary person would have done, or could have been expected to do, under the circumstances. It will be remembered the mortgage was assigned to appellant sometime in July, 1910, more than a year before respondent purchased the property. If, at any time within that period, appellant had filed her assignment of record, that fact would have appeared in the abstract which respondent procured and would have been notice to him that she was the owner of the mortgage. Section 8781, Rem. Code, provides that:

"All deeds, mortgages, and *assignments of mortgages*, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against *bona fide* purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world."

Prior to the enactment of the above statute, we held in *Howard v. Shaw*, 10 Wash. 151, 38 Pac. 746, and in *Fischer v. Woodruff*, 25 Wash. 67, 64 Pac. 923, 87 Am. St. 742, as contended for by appellant, that record of assignments of mortgages not being required, a *bona*

*fide* assignee of a note secured by mortgage, by an unrecorded assignment, would not be estopped from asserting the validity of his mortgage lien against a subsequent incumbrancer for value and in good faith. But clearly that is not the law since the passage of § 8781, Rem. Code. And in *Gottstein v. Harrington,* 25 Wash. 508, 65 Pac. 753, we so held, and further said:

"It would seem from the above provision of the statute that the respondents were not legally bound to look beyond the records in the office of the county auditor for assignments of the mortgage there of record, and that they had a perfect right to presume that no such assignment had been made."

To the same effect is *Christenson v. Raggio,* 47 Wash. 468, 92 Pac. 348, a case relied upon by appellant; although that case depended upon actual notice of an unrecorded assignment of a mortgage before purchase and payment of the purchase price by a *bona fide* purchaser who caused the assignment to be recorded and the mortgage then satisfied of record by that assignee, there being another unrecorded assignment of the same mortgage extant of which the purchaser had no notice or knowledge, by record or otherwise. That Erickson remained in ignorance of the fact that appellant was the real owner was due to her failure for nearly nine years to record Ellsworth's assignment of the mortgage to her. She made it possible for Ellsworth to perpetrate the wrong for which either she or respondent must now suffer, and we think equity is on the side of respondent.

Ellsworth was clothed with the apparent *indicia* of title, through the act of appellant. Stated another way, he had not, by the assignment to appellant, been divested of the role of agent or collector, or intermediary through whom she purchased mortgages, through whom payments were to be made, and by

whom mortgages were satisfied, so far as those vitally concerned were led to believe. Ellsworth collected the payments of interest and, in a number of cases, the principal, and remitted to appellant, although in the present case he failed to remit to her the payments made to him by Erickson on the principal of the mortgage. As further apparent authority of this agent, the mortgage was due and payable in 1912, but was by him extended more than once on request of respondent until final payment in 1919. Appellant knew of such extensions. She admits possession of the papers at all times. She stood by and permitted the extensions; therefore she will not now be heard to complain because of the failure of her agent to account. She is estopped to deny the satisfaction of the mortgage, in view of her placing it within her agent's power to extend the mortgage. *Bayley v. Paris,* 106 Wash. 248, 179 Pac. 795. Ellsworth could not have done this without authority, actual or implied. If there was not actual authority, because she did not positively direct such extensions, yet there was implied authority by reason of her failure to act when the mortgage fell due in 1912; and, having remained silent when she should have spoken, she will not now be heard to speak when she should remain silent.

Appellant argues that it was the duty of respondent, as the debtor assuming the mortgage, when making payment to Ellsworth, to see that Ellsworth was in possession of the security; or, in other words, that he was bound to see that the money he paid to Ellsworth actually went to the lawful holder of the mortgage. But, from what has been said, it is plain that respondent had every reason to believe that Ellsworth was the lawful holder of the mortgage. That he was mistaken as to this, was due to the acts of appellant,

for which, under the circumstances, she, rather than respondent, must bear the consequences.

Under these circumstances, to uphold appellant in the position now taken by her would be contrary to equity and good conscience.

Judgment affirmed.

MITCHELL, PARKER, TOLMAN, and MAIN, JJ., concur.