[No. 18480. Department One. September 24, 1924.]

ROY L. CADWALLADER, as Administrator etc., Appellant, v. P. F. SPRENGLE et al., Respondents.[1]

MORTGAGES (3, 124)—DISTINGUISHED FROM OTHER TRANSACTIONS—TRUSTS—RELEASE. A mortgage, reciting that it is for the sole use and benefit of the mortgagee "and for such person . . . who may from time to time be the holders of the notes . . . " does not create or give notice of any trust, or prevent a release of the mortgage by the mortgagee and holder of record.

SAME (95, 96)—ASSIGNMENT—FAILURE TO RECORD ASSIGNMENT—RIGHTS OF BONA FIDE PURCHASERS. A partial assignment of a mortgage, and transfer of the notes, which was not recorded, does not prevent the protection of a bona fide purchaser from the mortgagee, without notice.

Appeal from a judgment of the superior court for Yakima county, Gilbert, J., entered April 28, 1923, in favor of the defendants, dismissing an action to foreclose a mortgage, tried to the court. Affirmed.

*Hartge & Cadwallader*, for appellant.

*William B. Clark, McClure & McClure, Van Dyke & Thomas, Carkeek, McDonald, Harris & Coryell, Moore & Higgins*, and *Andrew Brown*, for respondents.

[1]Reported in 228 Pac. 834.

TOLMAN, J.—Appellant, as plaintiff below, seeks by this action to foreclose a real estate mortgage to the extent of certain coupon mortgage notes secured thereby, which were held at the time of his death by Richard Morgan, now deceased. From a judgment denying relief and dismissing the action, the plaintiff has appealed.

The controlling facts, as we view them, are not greatly in dispute, and are substantially as follows:

On March 26, 1913, one David D. Culp, with Mary D. Culp, his wife, joining, made a mortgage to Joseph E. Thomas & Company, Incorporated, on certain real estate in Yakima county to secure the payment of $5,000 and interest, evidenced by certain coupon notes of the same date, payable to the order of Joseph E. Thomas & Company, Incorporated, in Seattle, Washington. The mortgage was duly filed for record, and thereafter the mortgagee and payee endorsed and delivered for value to Richard Morgan certain of the coupon notes described in and secured by the mortgage, of the face value of $1,400, and also executed, acknowledged and delivered to Morgan a so-called declaration of trust, reciting the purchase of the notes by Morgan, and that by reason thereof he has a proportionate interest in the mortgage securing the same, and declaring that Joseph E. Thomas & Company, Incorporated, held the mortgage in trust as security for the payment of the principal and interest of the notes so sold and delivered to Morgan. This instrument was never recorded. Thereafter and before the maturity of the mortgage notes, the Culps entered into an arrangement to sell the mortgaged property to respondents Sprengle, who refused to assume the mortgage and demanded its release, offering to give

their mortgage to represent an equal amount of the purchase price.

On January 25, 1918, about two months before the mortgage matured, Joseph E. Thomas & Company, Incorporated, executed and acknowledged a release of the Culp mortgage, which was placed of record on January 31 following, and thereupon the sale to the Sprengles was completed, the title transferred to them, and they gave a new mortgage to Joseph E. Thomas & Company, Incorporated, for the same amount. No portion of the Culp mortgage was paid at the time of this release. None of the new mortgage notes were transferred to Morgan or his representative, and neither had any knowledge of, or in any way consented to, the release. The notes in question were not taken up or delivered to either Culp or the respondents, and respondents relied wholly upon the release of the mortgage by Joseph E. Thomas & Company, Incorporated.

Appellant has proceeded entirely upon the theory of an existing trust of which he is the beneficiary, but, as we view it, that doctrine cannot be applied. The Culp mortgage was an ordinary real estate mortgage in the usual form, except that it recites:

"(2) That this instrument is intended as a mortgage to secure the payment of an actual loan of Five Thousand and No/100 Dollars made by said Mortgagee to said Mortgagors, with interest thereon at the rate of Eight per cent per annum according to the terms and conditions of a series of mortgage coupon notes aggregating said amount and numbered consecutively from 1 to 18 inclusive, and the several interest coupons attached thereto, each of which notes is entitled to the equal benefit and security of this mortgage, and this mortgage is for the use and benefit of the Mortgagee, and for such person or persons, body or bodies politic or corporate, who may from time to time be the holders and owners of any of said notes, and to secure all costs,

attorneys' fees and advances which shall properly accrue, be allowed or be made hereunder together with interest accruing on all said items.''

The unusual words ''and for such person     .     . . who may from time to time be the holders and owners of any of said notes     .     .     . '' merely express that which is implied in every mortgage. These words do not change the legal effect of the mortgage in any degree, and give no notice of any trust; hence the respondents, in the absence of any notice, were entitled to rely upon the release of the mortgage, whether made prior to maturity or afterward.

The whole trouble, of course, arose over the failure to record the partial assignment of the mortgage erroneously entitled ''Declaration of Trust,'' as required by our statute considered and construed in the case of *Seattle Nat. Bank v. Ally,* 66 Wash. 610, 120 Pac. 94, and *Erickson v. Kendall,* 112 Wash. 26, 191 Pac. 842. In any event, if it were a declaration of trust it was not recorded, and a *bona fide* purchaser without notice is entitled to protection as against any equities it may create between the parties. *Home Savings & State Bank v. Peoria Agricultural & Trotting Society,* 206 Ill. 9, 69 N. E. 17.

The judgment of the trial court was right, and must be and is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.